**In re Adel SHESHTAWY, Relator.**

No. 03–0766.

Supreme Court of Texas.

Argued Nov. 19, 2003.

Decided Dec. 31, 2004.

Scott Ramsey, Houston, for relator.

Shawn Casey, James C. Faulkner, Houston, for respondent.

Justice OWEN delivered the opinion of the Court.

In this habeas corpus proceeding, we hold that both the court of appeals and the trial court had authority to enforce a final judgment awarding spousal maintenance while that judgment was pending on appeal and was not superseded. Accordingly, the trial court had jurisdiction to issue the commitment order. However, in the appeal of the underlying divorce decree,

the court of appeals has since reversed the award of spousal maintenance,[1] which precludes further enforcement of the civil contempt provisions in the commitment order. The criminal provisions of the commitment order allow the party held in contempt to obtain probation by paying the spousal maintenance ordered by the trial, and therefore, the criminal sentence is affected by the reversal of the spousal maintenance award. Accordingly, we vacate the commitment order, and we grant habeas corpus relief. The trial court, however, retains discretion to impose criminal contempt for violation of its unsuperseded order pending appeal.

## I

A final judgment granting a divorce between Adel and Amal Sheshtawy directed Adel to pay Amal $600 per month for thirty-six months as post-divorce spousal maintenance pursuant to section 8.002(1) of the Texas Family Code.[2] The trial court found that Adel Sheshtawy had been convicted of a criminal offense that also constituted an act of family violence. The criminal conviction was upheld on appeal.[3]

Adel Sheshtawy did not make the first three monthly payments, and Amal Sheshtawy instituted proceedings to enforce the judgment in the trial court while that court still had plenary power.[4] The motion to enforce had not been ruled upon by the trial court when Adel Sheshtawy filed a notice of appeal. Adel Sheshtawy did not supersede the final judgment. Amal Sheshtawy moved for temporary orders pending appeal, seeking legal fees for defending the appeal. She did not seek temporary spousal support pending appeal, as she could have done pursuant to section 6.709 of the Family Code.[5] The trial court's judgment already provided for spousal maintenance and that judgment had not been superseded.

On appeal, Adel Sheshtawy challenged several aspects of the divorce decree, including the award of spousal maintenance. While the appeal was proceeding, the motion for contempt remained pending in the trial court, and the trial court set a hearing. Adel Sheshtawy sought writs of prohibition and mandamus to compel the trial court to stay enforcement of the divorce decree pending appeal, asserting that only a court of appeals has jurisdiction to enforce a divorce decree once an appeal has been perfected. The court of appeals denied relief, holding that the trial court retained jurisdiction to enforce the spousal maintenance order while the appeal was pending.[6] The trial court proceeded to hear Amal Sheshtawy's motion for enforcement. Adel Sheshtawy had made no spousal maintenance payments, and the trial court found him in contempt for failing to make nine monthly payments, totaling $5,400. The trial court ordered liquidation of a $3,000 cash bond that Adel Sheshtawy had posted when a capias had

1. *Sheshtawy v. Sheshtawy*, 150 S.W.3d 772, 777 (Tex.App.-San Antonio 2004, pet. denied).

2. TEX. FAM. CODE § 8.002(1).

3. *Sheshtawy v. State*, No. 14–01–00744–CR, 2002 WL 959471, at *1 (Tex.App.-Houston [14th Dist.] May 9, 2002, pet. ref'd) (not designated for publication).

4. Adel Sheshtawy had filed a request for findings of fact and conclusions of law, and a motion to modify, reform or correct the judgment. *See generally* Tex.R. Civ. P. 329b; Tex. R.App. P. 26.1(a).

5. TEX. FAM. CODE § 6.709.

6. *In re Sheshtawy*, No. 14–03–00444–CV, 2003 WL 1922869, at *1 (Tex.App.-Houston [14th Dist.] Apr. 22, 2003, orig. proceeding) (mem.op.) (per curiam).

previously been issued and credited the bond against the arrearage.

The trial court ordered that Adel Sheshtawy be punished for two counts of criminal contempt and ordered him confined for 180 days for each count, with those sentences to be served concurrently. The trial court also ordered confinement for civil contempt, ordering that Sheshtawy be incarcerated upon completion of the criminal contempt sentence from day to day until he paid the $2,400 spousal maintenance arrearage. The commitment order further provided that the criminal and civil contempt confinements could be suspended and probated if Adel Sheshtawy paid all outstanding spousal maintenance and the attorney fees Amal Sheshtawy incurred prosecuting the enforcement action.

Adel Sheshtawy was taken into custody and had spent two months confined in jail when he sought a writ of habeas corpus from the court of appeals. That request for relief was denied.[7] Adel Sheshtawy then sought habeas corpus relief from this Court, and we released him on bond pending consideration of the merits.

While the habeas corpus petition has been pending in this Court, the court of appeals has decided the issues presented in Adel Sheshtawy's appeal from the divorce decree.[8] Among other holdings, the court of appeals reversed and rendered the award of spousal maintenance[9] based on section 8.053 of the Family Code, which provides that "it is presumed that mainte-

nance is not warranted unless the spouse seeking maintenance has exercised diligence in ... seeking suitable employment ... or ... developing the necessary skills to become self-supporting during a period of separation and during the time the suit for dissolution of the marriage is pending."[10] The court of appeals concluded that Amal Sheshtawy had not presented any evidence to rebut this presumption.[11] Both Adel and Amal Sheshtawy filed petitions for review in this Court, challenging the court of appeals' decision in the divorce case, and today, in a separate order, we have denied those petitions.[12] The court of appeals' judgment in the divorce proceeding is now final.

For the reasons considered below, habeas corpus relief is granted.

## II

■ As a general proposition, a writ of habeas corpus will issue if the commitment order is void because it was beyond the court's power to issue it.[13] Adel Sheshtawy contends that the trial court's contempt order is void because the court of appeals had exclusive jurisdiction to enforce the divorce decree by contempt once he perfected his appeal. Adel Sheshtawy relies on this Court's decisions in *Ex parte Boniface*[14] and *Schultz v. Fifth Judicial District Court of Appeals at Dallas*[15] in support of his position.

7. *In re Sheshtawy*, No. 14–03–00808–CV, 2003 WL 21804272, at *1 (Tex.App.-Houston [14th Dist.] Aug. 7, 2003, orig. proceeding) (mem.op.) (per curiam).

8. *Sheshtawy v. Sheshtawy*, 150 S.W.3d 772, 777 (Tex.App.-San Antonio 2004, pet. denied).

9. *Id.* at 777.

10. TEX. FAM. CODE § 8.053.

11. *Sheshtawy v. Sheshtawy*, 150 S.W.3d at 777.

12. Supreme Court Case No. 04–1017.

13. *Ex parte Gorena*, 595 S.W.2d 841, 843 (Tex.1979).

14. 650 S.W.2d 776, 778 (Tex.1983).

15. 810 S.W.2d 738, 741 (Tex.1991).

In denying Adel Sheshtawy's petition for writs of prohibition and mandamus, the court of appeals concluded that the trial court retained jurisdiction to enforce its spousal maintenance award pending appeal,[16] citing section 8.059 of the Family Code,[17] *Sullivan v. Sullivan,*[18] and *Bivins v. Bivins,*[19] among other authorities. In *Sullivan* and *Bivins,* the courts of appeals concluded that trial courts retain the authority to enforce child support payments by contempt during an appeal, although no provision in the Family Code expressly addresses that question.[20] In denying Sheshtawy's petition for writs of prohibition and mandamus, the court of appeals concluded that *Boniface* and *Schultz* have been "abrogated" by "amendments to the Texas Family Code," "at least in part, with respect to family law enforcement proceedings involving such matters as spousal and child support."[21]

The Family Code provides in section 8.059 that a court may enforce a spousal maintenance order by contempt,[22] but it is silent as to what court may do so while an appeal is pending unless the spousal support has been granted under section 6.709, which allows a trial court to grant temporary spousal support during an appeal.[23] Section 6.709 expressly provides that temporary support awarded for the duration of an appeal may be enforced by a trial court pending appeal.[24] The Code does not contain a similar provision in section 8.059, which deals with spousal support generally and is entitled "Enforcement of Maintenance Order."[25]

But nothing in the Family Code suggests that a final judgment awarding spousal maintenance, other than temporary support pending appeal, should be accorded any different effect than any other final judgment that has not been superseded pending appeal. This Court recently held in *In re Crow–Billingsley Air Park, Ltd.* that when a final judgment is not superseded, not only does a trial court have "jurisdiction to hear the motion to enforce its final judgment, despite the fact that the judgment ha[s] been appealed," but "[a] trial court has an affirmative duty to enforce its judgment."[26] In that case a trial court had signed a final judgment ordering a zoning committee to hold an election. A motion to enforce that judgment was filed, but before the trial court heard the motion, the final judgment was appealed. The trial court dismissed the enforcement proceeding, concluding it had no jurisdiction to proceed pending appeal, even though the judgment had not been

16. *In re Sheshtawy,* No. 14–03–00444–CV, 2003 WL 1922869, at *1 (Tex.App.-Houston [14th Dist.] Apr. 22, 2003, orig. proceeding) (mem.op.) (per curiam).

17. TEX. FAM. CODE § 8.059.

18. 719 S.W.2d 239 (Tex.App.-Dallas 1986, writ denied).

19. 709 S.W.2d 374 (Tex.App.-Amarillo 1986, no writ).

20. *Sullivan,* 719 S.W.2d at 240; *Bivins,* 709 S.W.2d at 374–75.

21. *In re Sheshtawy,* 2003 WL 1922869, at *1.

22. TEX. FAM. CODE § 8.059(a) ("The court may enforce by contempt the court's maintenance order or an agreement for the payment of maintenance voluntarily entered into between the parties and approved by the court.").

23. *Id.* § 6.709(b).

24. *Id.* ("The trial court retains jurisdiction to enforce a temporary order under this section unless the appellate court, on a proper showing, supersedes the trial court's order.").

25. *Id.* § 8.059.

26. 98 S.W.3d 178, 179 (Tex.2003).

superseded.[27] We granted mandamus relief, concluding that "[a] party is entitled to mandamus relief to vacate an order that wrongly denies a prevailing party's attempt to enforce an unsuperseded judgment."[28]

More than forty years ago, in *Ex parte Preston*, this Court similarly held that a trial court could proceed to enforce its unsuperseded contempt order that was part of a final judgment while that judgment was on appeal.[29] *Preston* was a divorce case in which the trial court found the husband in contempt and in the final judgment, ordered him confined for three days and thereafter until he paid $10,000 to the clerk of the court for the use and benefit of his wife. In denying habeas corpus relief, this Court held "[t]he fact that the case is on appeal without any showing of a supersedeas bond would, if anything, make it more imperative that the rights of Mrs. Preston be protected in this manner."[30] The Court did say, however, that Mrs. Preston "would hardly be entitled" to possession of the money until the appeal was decided.[31]

The conclusion in *Crow–Billingsley* and *Preston* that a trial court retains authority during an appeal to enforce a final judgment that has not been superseded is consistent with earlier decisions of this Court in *Ex parte Hodges*[32] and *Ex parte Lohmuller*,[33] both of which held that a trial court could award temporary alimony pending final disposition and could enforce that award by contempt notwithstanding a pending appeal of the final divorce decree. Similarly, this Court held in *Ex parte Scott* that a trial court could enforce an order awarding temporary alimony by contempt during the pendency of an interlocutory appeal.[34] In *Scott* and *Lohmuller* this Court relied on statutes that empowered the trial court to award a wife income during the pendency of a divorce suit,[35] former articles 4637[36] and 2986,[37] respectively. Notably, neither statute expressly mentioned appeals, the trial court's jurisdiction pending appeal, nor the power of a trial court to hold a noncompliant husband in contempt.[38] But this Court concluded

---

27. *Id.*

28. *Id.*

29. 162 Tex. 379, 347 S.W.2d 938, 943 (1961).

30. *Id.*

31. *Id.*

32. 130 Tex. 280, 109 S.W.2d 964, 965 (1937).

33. 103 Tex. 474, 129 S.W. 834, 834–35 (1910).

34. 133 Tex. 1, 123 S.W.2d 306, 310 (1939).

35. *Id.;* 129 S.W. at 834.

36. Former TEX. REV. CIV. STAT. art. 4637 (1925), *codified by* Act of June 2, 1969, 61st Leg., R.S., ch. 888, § 3.59, 1969 Tex. Gen. Laws 2707, 2724 (as amended), *recodified by* Act of April 3, 1997, 75th Leg., R.S., ch. 7, § 1, 1997 Tex. Gen. Laws 8, 30 (former art.

4637) (prior version at PASCHALS ANN. DIGEST, 5th ed., art. 3456 (Laws of Tex. Vol. 1, p. 567)) (current version at TEX. FAM. CODE § 6.502).

37. Act of Jan. 6, 1841, 5th Congress, R.S., § 8, 1841 Repub. Tex. Laws 19, 21, *reprinted in* 2 H.P.N. GAMMEL, THE LAWS OF TEXAS 1822–1897, at 483, 485 (Austin, Gammel Book Co. 1898) (former art. 2986).

38. Former art. 4637 ("If the wife, whether complainant or defendant, has not a sufficient income for her maintenance during the pendency of the suit for a divorce, the judge may, either in term time or in vacation, after due notice, allow her a sum for her support in proportion to the means of the husband, until a final decree shall be made in the case."); former art. 2986 ("[I]f the wife, whether complainant or defendant, has not sufficient income for her maintenance during the pendency of the suit for a divorce, the judge shall allow her a sum for her support proportional

that because the statutes allowed the trial court to award support to a spouse during the pendency of the suit, the nature of the power to award interim support included the power to issue and enforce contempt orders.[39] Another decision of this Court went so far as to say that when a trial court awarded temporary alimony pending an appeal under former article 4637, that award not only could be enforced by contempt, it was not superseded by a supersedeas bond.[40]

But our decisions have not been uniform regarding a trial court's authority to enforce a judgment or order while an appeal is pending. Most notably, in 1983 this Court held in *Ex parte Boniface* that while a final judgment directing a husband to make monthly retirement benefit payments to the wife was on appeal, the trial court did not have jurisdiction to enforce that award, even though the judgment had not been superseded.[41] *Boniface* held that only the court of appeals had jurisdiction to enforce the judgment and to punish by contempt.[42]

*Boniface* recited that it was following decisions regarding temporary injunctions, concluding "[t]here is no rational basis for applying a different rule to appeals from temporary injunctions and appeals from final judgments, as here."[43] *Boniface* cited *Ex parte Travis*,[44] *Ex parte Werblud*,[45] *Ex parte Duncan*,[46] and *Ex parte Kimbrough*.[47] But none of these decisions stands for the propositions set forth in *Boniface*.

In *Travis* the trial court had entered a temporary injunction regarding the transportation and handling of crude oil.[48] While that injunction was on interlocutory appeal, the trial court held the parties in contempt for violating the temporary injunction. This Court expressly declined to grant habeas corpus relief. The Court reasoned that a habeas corpus proceeding is a collateral remedy, and "its function is not to supersede a prompt and adequate and more direct remedy by appeal."[49] *Travis* did not hold that a trial court lacks authority to enforce an order or judgment pending appeal by contempt. It held only that an appellate court is fully armed with authority in a *direct appeal* to protect its own jurisdiction and the subject matter of the appeal. This is a familiar principle.[50]

However, some of the discourse in *Travis* seems to have been misconstrued in later decisions, including *Boniface*. *Travis*

---

39. *Scott*, 123 S.W.2d at 310; *Lohmuller*, 129 S.W. at 835.

40. *Ex parte Kollenborn*, 153 Tex. 350, 269 S.W.2d 339, 339 (1954). The Family Code now expressly provides that a trial court retains jurisdiction to enforce temporary spousal support awarded pending an appeal unless "on a proper showing," an appellate court supersedes the trial court's order. TEX. FAM. CODE § 6.709(b) ("The trial court retains jurisdiction to enforce a temporary order under this section unless the appellate court, on a proper showing, supersedes the trial court's order.").

41. 650 S.W.2d 776, 778 (Tex.1983).

42. *Id.*

43. *Id.*

44. 73 S.W.2d 487 (Tex.1934).

45. 536 S.W.2d 542 (Tex.1976).

46. 127 Tex. 507, 95 S.W.2d 675 (1936).

47. 135 Tex. 624, 146 S.W.2d 371 (1941).

48. 73 S.W.2d at 488.

49. *Id.* at 489.

50. *See, e.g., Richards v. League of United Latin Am. Citizens*, 863 S.W.2d 449, 449 (Tex.1993) (per curiam); *Dallas Morning News v. Fifth*

noted that as a general proposition, the perfection of an appeal " 'terminates the authority of the lower court pending the appeal....' "[51] It also said that when a temporary injunction is on appeal, the appellate court has the exclusive power to determine the validity or invalidity of the temporary injunction and to compel obedience pending appeal:

> After the jurisdiction of the Appellate Court attached, it alone was clothed with the power to adjudicate the validity or invalidity of the temporary injunction and to exercise the discretion involved in compelling obedience to the injunction pending the appeal, as well as to enforce its own final judgment, unless or until such judgment was subjected to review by a higher court. The district court could exercise no such authority while power to consider and determine these very matters lay exclusively in a higher court.[52]

This paragraph appeared in a lengthy discussion of an appellate court's authority to protect and enforce its own jurisdiction, which included a reference to former article 1823.[53] That statute, similar to current Government Code section 22.221(a),[54] provided: "Said courts and the judges thereof may issue writs of mandamus and all other writs necessary to enforce the jurisdiction of said courts."[55] The discussion in *Travis*

of an appellate court's authority to protect its own jurisdiction was immediately followed by a lengthy discussion of habeas corpus. Among the principles considered was that if a trial court had no jurisdiction to enter a temporary injunction that was to remain in force pending an appeal, a court of appeals could order that no further proceedings occur in the trial court if those proceedings conflicted with the appellate court's jurisdiction.[56] Accordingly, *Travis* held only that a court of appeals has adequate authority in the direct appeal of a temporary injunction to protect its jurisdiction. It did not hold that the trial court's order of contempt was void for want of jurisdiction because an appeal was pending. To the contrary, as already indicated, this Court expressly declined to grant habeas corpus relief in *Travis*.

We note that our current rules of appellate procedure provide that during an interlocutory appeal, "only the appellate court in which the appeal is pending may enforce the order. But the appellate court may refer any enforcement proceeding to the trial court" to hear evidence and make recommendations.[57] There are no similar restrictions on a trial court's authority pending appeal of a final judgment. Instead, we have detailed rules for *superseding* a final judgment.[58]

In *Duncan*,[59] also cited in *Boniface*,[60] the motion for contempt was filed, heard, and

*Court of Appeals*, 842 S.W.2d 655, 657–58 (Tex.1992).

51. *Travis*, 73 S.W.2d at 489 (quoting 3 TEX. JUR. § 262).

52. *Id.*

53. Act of Apr. 13, 1892, 22nd Leg., 1st C.S., ch. 15, § 6, 1892 Tex. Gen. Laws 25, 26, *reprinted in* 10 H.P.N. GAMMEL, THE LAWS OF TEXAS 1822–1897, 389, 390 (Austin, Gammel Book Co. 1898) (former art. 1823).

54. TEX. GOV'T CODE § 22.221(a) ("Each court of appeals or a justice of a court of appeals may issue a writ of mandamus and all

other writs necessary to enforce the jurisdiction of the court.").

55. Act of Apr. 13, 1892, 22nd Leg., 1st C.S., ch. 15, § 6, 1892 Tex. Gen. Laws 25, 26.

56. *Travis*, 73 S.W.2d at 490.

57. TEX. R. APP. P. 29.4.

58. *See, e.g.*, TEX. R. APP. P. 24.1, 24.2.

59. *Ex parte Duncan*, 127 Tex. 507, 95 S.W.2d 675 (1936).

60. *Ex parte Boniface*, 650 S.W.2d 776, 778 (Tex.1983).

granted in the court of civil appeals. In the subsequent habeas corpus proceeding in this Court, we held only that the court of appeals had jurisdiction to issue all writs necessary to enforce its jurisdiction, including contempt orders.[61] *Duncan* did not hold that the trial court was ousted of jurisdiction to enforce an unsuperseded final judgment.

*Werblud*[62] quoted the passage from *Travis* that said, "After the jurisdiction of the Appellate Court attached, it alone was clothed with the power to adjudicate the validity or invalidity of the temporary injunction and to exercise the discretion involved in compelling obedience to the injunction pending appeal."[63] As discussed above, the context of this passage in *Travis* does not support the proposition that a trial court has no authority to hold a party in contempt while a final judgment that has not been superseded is pending on appeal, and *Werblud* did not hold that a trial court's authority is so restricted. As in *Duncan*, the contempt proceedings in *Werblud* were filed and conducted in the court of civil appeals, and this Court held that the appellate court had contempt powers.[64] The *Werblud* opinion also said that when there is a factual dispute regarding an alleged contempt of court, a court of appeals may conduct its own hearing but that the "preferable" course was to refer the evidentiary hearing to the trial court.[65] It did not hold that *only* an appellate court

may issue a contempt order when a judgment is not superseded pending appeal.

*Kimbrough*,[66] cited in *Boniface*,[67] did say that "even if the judgment had not been superseded, the contempt, if any, committed after the appeal had been perfected would have been punishable only by the Court of Civil Appeals."[68] But in *Kimbrough*, a final judgment granting a permanent injunction had been superseded on appeal. The operative holding of this Court was that "where the provisions of a permanent injunction are suspended on appeal, by the filing of the proper supersedeas bond, persons affected thereby are not required to observe its orders, and cannot be punished in contempt for disobedience thereof."[69]

*Travis* and *Werblud* were also cited in *In re Gabbai* for the proposition that "while a case is on appeal, the appellate court has exclusive jurisdiction to enforce the orders at issue in the appeal, regardless of whether the alleged contempt occurred before or after the appellate court acquired jurisdiction."[70] But here again, this statement was not necessary to the actual holding. In *Gabbai*, the trial court had ordered a husband to execute deeds and assignments as part of a divorce decree. He refused to do so, and on appeal, the court of appeals advised him that it would dismiss his appeal unless he filed a supersedeas bond or executed the required

61. *Duncan*, 95 S.W.2d at 679–80.

62. *Ex parte Werblud*, 536 S.W.2d 542 (Tex. 1976).

63. *Id.* at 544 (quoting *Ex parte Travis*, 123 Tex. 480, 73 S.W.2d 487, 489 (1934)).

64. *Id.*

65. *Id.* at 544–45.

66. *Ex parte Kimbrough*, 135 Tex. 624, 146 S.W.2d 371 (1941).

67. *Ex parte Boniface*, 650 S.W.2d 776, 778 (Tex.1983).

68. *Kimbrough*, 146 S.W.2d at 372.

69. *Id.*

70. 968 S.W.2d 929, 931 (Tex.1998) (citing *Ex parte Werblud*, 536 S.W.2d 542, 544 (Tex. 1976), and *Ex parte Travis*, 123 Tex. 480, 73 S.W.2d 487, 488–89 (1934)).

documents and released a lis pendens he had filed. He did not fully comply, and the court of appeals dismissed his appeal. The trial court then held him in contempt not only for failing to execute deeds and assignments, but also for failing to file a supersedeas bond and release the lis pendens as ordered by the court of appeals. We held in the subsequent habeas corpus proceeding that the trial court had the authority to enforce its own decree by contempt after the appeal was dismissed but did not have authority to punish for violating requirements that were contained *only* in the court of appeals' order when the court of appeals had already imposed the punishment of dismissal.[71] "The court of appeals specified and imposed its punishment for relator's failure to comply with its order: dismissal of the appeal. Under these circumstances, the trial court had no authority to further punish relator for violating the requirements the court of appeals imposed."[72]

In *Ex parte Browne*,[73] this Court's misstatement of the holding in *Werblud* was similarly unnecessary to the actual holding in *Browne*. We said, "In *Ex parte Werblud*, ... we held that the court of civil appeals is the one charged with the trial and disposition of contempt proceedings for violations of orders during an appeal to that court."[74] But the actual holding in *Browne* was that the trial court had the authority to hold a party in contempt when the contempt hearing was held after the court of appeals dismissed that party's appeal and the party had violated the trial court's injunction after the notice of appeal

was filed but before the record was filed in the court of civil appeals.[75] We were not presented with a contempt order that was issued by a trial court during the pendency of a fully perfected appeal.

This Court, however, squarely held in *Schultz v. Fifth Judicial District Court of Appeals at Dallas* that only a court of appeals has contempt power when "the validity of the order alleged to have been violated is itself in issue in the appeal" and the order is "in the nature of an injunction."[76] There, a final default judgment had been entered in favor of a bank against Schultz based on his guarantee of a note, and that judgment was not appealed. The trial court subsequently signed a turnover order directing Schultz to turn over his paychecks as he received them. He appealed that order and filed a supersedeas bond. After filing the bond, he failed to turn over his next paycheck, and the bank's receiver filed a motion for leave to file a contempt motion in the court of appeals. The court of appeals denied leave to file that motion, saying "[t]he trial court retains jurisdiction to enforce by contempt its judgments and orders in aid of execution, notwithstanding the perfection of an appeal."[77] But this Court disagreed, holding that "the appellate court alone is vested with jurisdiction to enforce the injunctive provisions by contempt."[78] We said that a court of appeals may refer "the fact finding burden" to the trial court, "but the appellate court where the appeal is pending must exercise jurisdiction to actually

71. *Id.*

72. *Id.*

73. 543 S.W.2d 82 (Tex.1976).

74. *Id.* at 86 (citing *Werblud,* 536 S.W.2d at 544).

75. *Id.*

76. 810 S.W.2d 738, 740 (Tex.1991).

77. *Id.* at 739 (quoting the court of appeal's order).

78. *Id.* at 740.

issue the contempt judgment."[79] This Court then said, "The fact that a supersedeas bond has or has not been filed does not affect the vesting of exclusive jurisdiction in the appellate court."[80] We conditionally granted a writ of mandamus directing the court of appeals to withdraw its order declining to take jurisdiction of the motion for contempt.[81] The authorities cited for the holding in *Schultz* were *Boniface*,[82] *Werblud*,[83] *Duncan*,[84] *Travis*[85] and *Kimbrough*.[86] *Schultz* did note that "[s]ome courts have held that in certain support and other 'injunctive' type orders under the Family Code, the legislature has provided that contempt jurisdiction remains in the trial court.... Such special Family Code provisions have no application in this case."[87]

In examining our decisions, particularly *Boniface* and *Schultz*, we are unable to discern a compelling reason for withdrawing a trial court's authority to enforce a final judgment pending appeal when that judgment has not been superseded or stayed and no statute or rule of procedure removes the trial court's authority. "A court's contempt power does not depend on statutory authority.... [It] is an inherent power that is an essential element of judicial independence and authority."[88] A trial court is free to aid execution while an unsuperseded judgment is on appeal. It is illogical to deny a trial court the power of contempt as a tool in enforcing such judgments when contempt is an otherwise permissible exercise of a court's authority. Even decisions that indicated only a court of appeals should issue contempt orders when an appeal is pending said that the preferable procedure is to refer the factfinding process to the trial court.[89] It makes little sense to say that a trial court has factfinding authority but not decisional authority. Moreover, a trial court may frequently be in a position to act more expeditiously than a court of appeals. And allowing a trial court to proceed directly with adjudication of a motion for contempt eliminates the delay of awaiting a referral order from a court of appeals. As the court of appeals concluded in *Bivins*, allowing proceedings directly in the trial court is a matter of "practicality and common sense."[90]

■■■ An appellate court still retains the overarching power to stay any actions of a trial court, including contempt proceedings, that may interfere with its jurisdiction or the subject matter of the appeal.[91] Accordingly, we hold that when a final judgment has not been superseded or

79. *Id.* at 741.

80. *Id.*

81. *Id.*

82. 650 S.W.2d 776 (Tex.1983).

83. 536 S.W.2d 542 (Tex.1976).

84. 127 Tex. 507, 95 S.W.2d 675 (1936).

85. 73 S.W.2d 487 (Tex.1934).

86. 135 Tex. 624, 146 S.W.2d 371 (1941).

87. *Schultz v. Fifth Judicial Dist. Court of Appeals at Dallas*, 810 S.W.2d 738, 740 n. 9 (Tex.1991).

88. *Ex parte Gorena*, 595 S.W.2d 841, 845 (Tex.1979).

89. *See, e.g., Ex parte Werblud*, 536 S.W.2d 542, 544–45 (Tex.1976).

90. *Bivins v. Bivins*, 709 S.W.2d 374, 376 (Tex. App.-Amarillo 1986, no writ).

91. TEX. GOV'T CODE § 22.221(a) ("Each court of appeals or a justice of a court of appeals may issue a writ of mandamus and all other writs necessary to enforce the jurisdiction of the court."); *id.* § 22.002 (outlining the Supreme Court's mandamus and writ authority).

stayed pending an appeal, either the trial court or the court of appeals may entertain a motion for contempt. If the motion is filed in a court of appeals, it remains the better practice to refer that motion to the trial court for hearing and factfinding.

In this case, there is no statute or rule of procedure that forecloses a trial court from enforcing a spousal maintenance award that is part of a final decree. Since 1981, statutes have expressly provided that when temporary support is awarded pending appeal of a divorce decree, the trial court retains jurisdiction to enforce the support order by contempt.[92] We do not view the Legislature's failure to make a similar provision for spousal maintenance for a stated term as indicating that the Legislature intended to withdraw a trial court's authority to enforce by contempt an unsuperseded final judgment that requires payment of spousal maintenance. The trial court in this case had authority to issue an order of contempt.

### III

While Adel Sheshtawy's habeas corpus petition has been pending in this Court, the court of appeals has decided his appeal from the divorce decree. The court of appeals held that Amal Sheshtawy "failed to provide any evidence to rebut the presumption that spousal maintenance was unwarranted, and the trial court abused its discretion in ordering spousal maintenance in the divorce decree."[93] The court of appeals therefore reversed the trial court's award of spousal maintenance. As mentioned above, we have denied both Adel and Amal Sheshtawy's petitions for review, and the court of appeals' decision denying spousal maintenance to Amal is thus final.

The trial court punished Adel Sheshtawy for two counts of criminal contempt by ordering his incarceration for two 180–day sentences, to be served concurrently. At the conclusion of the criminal contempt sentence, the court ordered Adel Sheshtawy to be further incarcerated day to day until $2,400 in spousal maintenance arrearages has been paid. The court's commitment order also provides that both the criminal and civil contempt sentences can be suspended and probated upon immediate payment of the spousal maintenance arrearages and Amal Sheshtawy's attorney's fees. By the time this Court ordered Adel Sheshtawy released on bond, he had served most, but not all, of his criminal contempt sentence.

There are differences between civil and criminal contempt:

> The paradigmatic coercive, civil contempt sanction, as set forth in *Gompers* [*v. Buck's Stove & Range Co.*, 221 U.S. 418, 31 S.Ct. 492, 55 L.Ed. 797 (1911)], involves confining a contemnor indefinitely until he complies with an affirmative command such as an order "to pay alimony, or to surrender property ordered to be turned over to a receiver, or to make a conveyance." Imprisonment for a fixed term similarly is coercive when the contemnor is given the option of earlier release if he complies. In these circumstances, the contemnor is

---

**92.** TEX. FAM. CODE §§ 6.502(a)(2), 6.506, 6.709; Act of May 31, 1981, 67th Leg., R.S., ch. 711, § 2, 1981 Tex. Gen. Laws 2707, 2724 (as amended), *repealed by* Act of Apr. 3, 1997, 75th Leg., R.S., ch. 7, § 3, 1997 Tex. Gen. Laws 8, 43 (former TEX. FAM. CODE § 3.58).

**93.** *Sheshtawy v. Sheshtawy*, 150 S.W.3d 772, 777 (Tex.App.-San Antonio 2004, pet. denied);

*see also* TEX. FAM. CODE § 8.004 ("[I]t is presumed that maintenance is not warranted unless the spouse seeking maintenance has exercised diligence in: (1) seeking suitable employment; or (2) developing the necessary skills to become self-supporting during a period of separation and during the time the suit for dissolution of the marriage is pending.").

able to purge the contempt and obtain his release by committing an affirmative act, and thus " 'carries the keys of his prison in his own pocket.' "

By contrast, a fixed sentence of imprisonment is punitive and criminal if it is imposed retrospectively for a "completed act of disobedience," such that the contemnor cannot avoid or abbreviate the confinement through later compliance.... When a contempt involves the prior conduct of an isolated, prohibited act, the resulting sanction has no coercive effect. "[T]he defendant is furnished no key, and he cannot shorten the term by promising not to repeat the offense."

This dichotomy between coercive and punitive imprisonment has been extended to the fine context. A contempt fine accordingly is considered civil and remedial if it either "coerce[s] the defendant into compliance with the court's order, [or] ... compensate[s] the complainant for losses sustained." [94]

■ The reversal of the spousal maintenance award means that the trial court's order directing that Adel Sheshtawy be incarcerated for civil coercive contempt until he pays spousal maintenance of $2,400 cannot be enforced because there is no longer an order with which he is to comply. However, "[v]iolations of an order are punishable as criminal contempt even though the order is set aside on appeal, or though the basic action has become moot." [95] A plurality of this Court recognized an exception when the trial court's order unconstitutionally restrained speech. [96] But that exception is not applicable here.

■ The commitment order states that the criminal contempt sentence is punitive, but the order expressly allows Adel Sheshtawy to probate his criminal contempt sentence by paying the spousal maintenance arrearages and Amal Sheshtawy's attorney's fees. The sentence imposed on Adel Sheshtawy can no longer be probated in light of the court of appeals' judgment. This effectively imposes a different and harsher criminal penalty than the trial court's commitment order as written. The commitment order is therefore vacated in its entirety, but without prejudice to further criminal contempt proceedings for violations of the court's order before it was reversed by the court of appeals.

\*       \*       \*       \*       \*       \*

Accordingly, we grant habeas corpus relief. Relator remains discharged.

Justice BRISTER did not participate in the decision.

---

**94.** *Int'l Union, United Mine Workers of Am. v. Bagwell,* 512 U.S. 821, 828–29, 114 S.Ct. 2552, 129 L.Ed.2d 642 (1994) (quoting *Gompers v. Buck's Stove & Range Co.,* 221 U.S. 418, 441, 31 S.Ct. 492, 498, 55 L.Ed. 797 (1911)) (citations omitted).

**95.** *United States v. United Mine Workers of Am.,* 330 U.S. 258, 294, 67 S.Ct. 677, 91 L.Ed. 884 (1947) (citations omitted).

**96.** *Ex parte Tucci,* 859 S.W.2d 1, 2 (Tex.1993).