Opinion issued May 5, 2005                                                     











In The
Court of Appeals
For the
First District of Texas
____________

NO. 01–04–00471–CV
____________

IN RE DIANE FISCHER-STOKER, Relator




Original Proceeding on Petition for Writ of Mandamus




OPINION ON REHEARING

          Relator, Diane Fischer-Stoker, filed a petition for a writ of mandamus in this
Court, complaining of the trial court’s


 refusal to dismiss a contempt proceeding
brought against relator by real party in interest, Ronnie H. Stoker. On August 19,
2004, we issued an opinion conditionally granting the writ. Stoker filed a motion for
reconsideration. We denied the motion for reconsideration, but, on December 9,
2004, we withdrew our opinion of August 19, 2004 and substituted a new opinion,
again conditionally granting relief. Stoker has now moved for rehearing of our
December 9, 2004 opinion. We grant the motion, withdraw our December 9, 2004
opinion, and issue this opinion conditionally granting mandamus relief.
Background
          Fischer-Stoker and Stoker were divorced by decree entered December 23,
2003. After a bench trial, the trial court ordered both parties to deliver an accounting
of their bank accounts as of December 12, 2003, along with a check made payable to
the other party for 50% of the sums in those accounts as of that date. Fischer-Stoker
failed to abide by the terms of the decree. 
          On March 22, 2004, Fischer-Stoker timely filed a notice of appeal.


 On March
26, 2004, Stoker filed a motion for contempt against Fischer-Stoker in the trial court,
seeking to have her jailed until she provided him an accounting of certain Wells
Fargo bank accounts and a check for 50% of the funds on deposit in those accounts
as of December 12, 2003, as required by the terms of the divorce decree. In the
alternative, Stoker sought modification of the provisions of the divorce decree to
allow him to withhold certain sums awarded him as an offset for Fischer-Stoker’s
failure to transfer the Wells Fargo accounts to him. The trial court set April 12, 2004
as the date for a show-cause hearing. Fischer-Stoker filed a motion to dismiss the
contempt proceeding, contending that the trial court lacked jurisdiction to enforce the
property provisions of the divorce decree while an appeal was pending. On April 19,
the trial court denied Fischer-Stoker’s motion to dismiss the contempt proceeding.
          On April 28, 2004, Fischer-Stoker filed a petition for writ of mandamus and
request for emergency stay in this Court. In her petition, Fischer-Stoker complained
that the trial court should have granted her motion to dismiss the contempt proceeding
for lack of jurisdiction. On August 19, 2004, we issued our opinion conditionally
granting the writ of mandamus sought by Fischer-Stoker. Stoker moved for
rehearing. We denied the motion but, on December 9, 2004, we withdrew our August
19, 2004 opinion and issued a second opinion conditionally granting the writ. Stoker
again moved for rehearing in light of In re Sheshtawy, 154 S.W.3d 114 (Tex. 2004),
issued December 31, 2004. We grant the motion, withdraw our December 9, 2004
opinion, and issue this opinion in its stead. We conditionally grant the writ.
Standard of Review
          A court of appeals may issue a writ of mandamus “agreeable to the principles
of law regulating those writs” against a judge of a district or county court in the court
of appeals’ district. Tex. Gov’t Code Ann. § 22.221(b)(1) (Vernon 2004). We may
grant mandamus relief to correct a clear abuse of discretion or a violation of a duty
imposed by law when there is no adequate remedy by appeal. Canadian Helicopters
Ltd. v. Wittig, 876 S.W.2d 304, 305 (Tex. 1994); Walker v. Packer, 827 S.W.2d 833,
839 (Tex. 1992). 
Jurisdiction
          Relying principally on Ex Parte Boniface, Fischer-Stoker argues that only this
Court may entertain a motion to enforce a divorce decree by contempt after the
jurisdiction of the appellate court has attached. 650 S.W.2d 776 (Tex. 1983). The
Texas Supreme Court held in Boniface:
Generally, contempt proceedings for violations of judgments and orders
granting injunctive relief are instituted in the court from which the
judgment or order emanated. But, after the jurisdiction of the appellate
court has attached, the proceedings for enforcement must be instituted
in that court rather than in the trial court.
Id. at 777–78 (emphasis in original). Stoker had previously argued in rebuttal that
Boniface and its progeny had been abrogated by statute. He now contends in his
second rehearing motion that the Texas Supreme Court’s recent opinion in In re
Sheshtawy, 154 S.W.3d 114 (Tex. 2004), confirmed the abrogation of Boniface and
that he is, therefore, entitled to proceed with enforcement of the property division in
the divorce decree by contempt proceedings in the trial court.
          In In re Sheshtawy, the wife instituted proceedings for the enforcement of the
spousal maintenance provisions of the divorce decree and filed a motion for contempt
in connection with those proceedings. Id. at 115. The husband challenged several
provisions of the divorce decree on appeal, including the spousal maintenance award.
Id. While the appeal was pending, the trial court set a hearing on the wife’s motion
for contempt and ordered that the husband be confined for both criminal and civil
contempt. Id. at 116–17. The husband sought habeas corpus relief, which the court
of appeals denied; the supreme court reversed the court of appeals and granted the
relief. The supreme court held,
In examining our decisions, particularly [Ex parte] Boniface[, 650
S.W.2d 776 (Tex. 1983)] and Schultz[v. Fifth Judicial District Court of
Appeals at Dallas, 810 S.W.2d 738, 740 (Tex. 1991)], we are unable to
discern a compelling reason for withdrawing a trial court’s authority to
enforce a final judgment pending appeal when that judgment has not
been superseded or stayed and no statute or rule of procedure
removes the trial court’s authority. “A court’s contempt power does
not depend on statutory authority. . . . [It] is an inherent power that is an
essential element of judicial independence and authority.” A trial court
is free to aid execution while an unsuperseded judgment is on appeal.

          . . . .
 
An appellate court still retains the overarching power to stay any actions
of a trial court, including contempt proceedings, that may interfere with
its jurisdiction or the subject matter of the appeal. Accordingly, we hold
that when a final judgment has not been superseded or stayed pending
an appeal, either the trial court or the court of appeals may entertain a
motion for contempt. . . .
In this case, there is no statute or rule of procedure that forecloses a
trial court from enforcing a spousal maintenance decree.

Id. at 124–25 (citations omitted) (emphasis added).
          Sheshtawy clearly abrogates Boniface’s holding that contempt proceedings
initiated to enforce a judgment during appeal of that judgment must be heard in every
instance in the court of appeals, rather than in the trial court. Under Sheshtawy,
enforcement of a final judgment by contempt may now be sought either in the trial
court or in the court of appeals during the pendency of an appeal “when that judgment
has not been superseded or stayed and no statute or rule of procedure removes the
trial court’s authority.” Sheshtawy, 154 S.W.3d at 124.
          In 1985, after Boniface but before Sheshtawy, the Texas Legislature amended
the Family Code to provide that the trial court retains jurisdiction to enforce
temporary orders “for the preservation of the property and for the protection of the
parties” rendered within 30 days after the date an appeal is perfected unless the
appellate court, on a proper showing, supersedes the trial court’s order. Tex. Fam.
Code Ann. § 6.709 (Vernon 1998). These orders include those for (1) spousal
support, (2) payment of attorney’s fees, (3) appointment of a receiver for the
preservation and protection of the property of the parties, and (4) an award to one
spouse of exclusive occupancy of the parties’ residence pending the appeal. Id. 
Sheshtawy makes it clear that the trial court’s ongoing jurisdiction during the
pendency of the appeal includes the jurisdiction to enforce an unsuperseded spousal
maintenance provision in the final divorce decree by contempt, as well as the
jurisdiction to enforce a temporary order of spousal support.
          However, the Legislature also amended the Family Code in the intervening
years between Boniface and Sheshtawy with respect to the power of the trial court to
issue orders changing or amending the property division in a final judgment of
divorce during the pendency of an appeal. Tex. Fam. Code Ann. § 9.007(a), (b)
(Vernon 1998). An order to enforce the property division in the divorce decree is
limited to an order “to assist in the implementation of or to clarify” the division of
property made or approved in the decree, and that power is expressly abated during
the pendency of an appellate proceeding. Id. § 9.007(c). Section 9.007 provides in
relevant part:
(a) A court may not amend, modify, alter, or change the division
of property made or approved in the decree of divorce or
annulment. An order to enforce the division is limited to an order
to assist in the implementation of or to clarify the prior order and
may not alter or change the substantive division of property.

                    . . .
 
(c) The power of the court to render further orders to assist in the
implementation of or to clarify the property division is abated
while an appellate proceeding is pending.

Tex. Fam. Code Ann. §§ 9.007(a),(c). In English v. English, our sister court
interpreted section 9.007(c) to mean that, after rendering the initial decree of divorce
containing a property division, the trial court is prohibited from implementing or
clarifying the property division by way of further orders. 44 S.W.3d 102, 106 (Tex.
App.—Houston [14th Dist.] 2001, no pet.). English further provides that “neither the
parties nor the ministerial act of execution of the judgment are proscribed.” Id. at
106. We agree with English.
          The instant case, however, does not concern execution of the judgment, which
is “merely a direction to a ministerial officer to permit enforcement of the judgment.” 
Id. Rather, Stoker has proceeded against Fischer-Stoker in the trial court with a
motion to enforce the terms of the property division in the final divorce decree by
criminal contempt if she fails to provide an accounting of her Wells Fargo accounts
as of December 12, 2003 and a check for 50% of the money in those accounts on that
date. We construe the relief that Stoker seeks as an order to assist in the
implementation of the property division in the final divorce decree.
          Under the plain language of section 9.007(c) of the Family Code, “[t]he power
of the [trial] court to render further orders to assist in the implementation of or to
clarify the property division is abated while an appellate proceeding is pending.” 
Tex. Fam. Code Ann. § 9.007(c). The order that Stoker seeks is precisely the type of
order that a trial court is prohibited from issuing during the pendency of an appeal.
See id.; see also English, 44 S.W.3d at 106. Thus, unlike the enforcement of the
spousal maintenance order sought in Sheshtawy, here “a statute removes the trial
court’s authority” to assist in implementing or clarifying the property division in the
divorce decree by contempt during the pendency of the appeal. 
          We hold that, under section 9.007(c) of the Family Code, the power of the trial
court to issue an order of contempt to assist in clarifying or enforcing the terms of the
property division in the divorce decree is abated during the pendency of the instant
appeal. Accordingly, we conditionally grant the petition for writ of mandamus and
order the trial court to dismiss Stoker’s motion for contempt.
          We order that all further proceedings in the trial court to clarify or to assist in
the implementation of the terms of the property division in the divorce decree are
abated pending appeal. We will issue a writ only if the trial court fails to comply. 
We withdraw our May 7, 2004 order staying all contempt proceedings in the trial
court. 
 
                                                                        Evelyn V. KeyesJustice

Panel consists of Chief Justice Radack and Justices Keyes and Bland.