Petition for Writ of Mandamus
Denied and Memorandum Opinion filed October 20, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-09-00822-CV

____________

 

IN RE SCOTT VAN DYKE, Relator

 

 

 

 



ORIGINAL PROCEEDING

WRIT OF MANDAMUS

 

 

 



M E M O R
A N D U M   O P I N I O N

            On September 25, 2009, relator filed a petition for writ of
mandamus in this court.  See Tex. Gov’t Code Ann. § 22.221 (Vernon
2004); see also Tex. R. App. P. 52.  In the petition, relator asked this
court to compel the Honorable Jaclanel McFarland, presiding judge of the 133rd
District Court of Harris County, to set aside her ruling granting a motion to
compel full and complete deposition answers.  

            Relator has not established that he is entitled to mandamus
relief.  Respondent’s order granting the motion to compel deposition answers
was signed September 21, 2009.  By its terms, the order required the deposition
to take place no later than seven business days after the signing of the order. 
Relator filed a motion to stay the deposition, which this court denied. 
Because the time for taking the deposition has passed, the order from which
relator seeks relief is moot.  Accordingly, we deny relator’s petition for writ
of mandamus with regard to the September 21, 2009, order compelling him to
answer certain deposition questions. 

            On September 30, 2009, relator supplemented the petition for
writ of mandamus asking this court to compel respondent to vacate a turnover
order.  On September 25, 2009, respondent issued a turnover order requiring
relator to pay $118,540.38 into the registry of the court.  This amount
represents the remaining balance on a final judgment issued against relator.  

            Mandamus issues only to correct a clear abuse of discretion
or the violation of a duty imposed by law where there is no adequate remedy by
appeal.  Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992).  Because
mandamus is an extraordinary remedy, we may not issue mandamus to vacate a
trial court’s order when there is an adequate remedy at law, such as an appeal.
 See Canadian Helicopters, Ltd. v. Wittig, 876 S.W.2d 304, 306 (Tex. 1994);
Walker, 827 S.W.2d at 839–40.  

            A turnover order is an appealable order for which mandamus
relief does not lie.  Schultz v. Fifth Judicial Dist. Ct. of Appeals,
810 S.W.2d 738, 740 (Tex. 1991), abrogated on other grounds by In re
Sheshtawy, 154 S.W.3d 114 (Tex. 2004).  Accordingly, we deny relator’s
petition for writ of mandamus with regard to the turnover order signed
September 25, 2009.

 

                                                                        PER
CURIAM

 

Panel
consists of Chief Justice Hedges and Justices Seymore and Sullivan.