COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:     In re Tammy Fountain

Appellate case number:   01-12-00704-CV

Trial court case number:  1031997

Trial court:             309th District Court of Harris County

This habeas corpus proceeding challenges the trial court's July 31, 2012 commitment order of Tammy Fountain. On December 28, 2012, this Court issued an opinion denying habeas relief.

On February 4, 2014, relator, Tammy Fountain, filed a "Motion to Enter Mediated Settlement Agreement," informing the Court that she and real party in interest, Kathy Katcher, "have reached an agreement with respect to the enforcement action that [is] the subject of this original proceeding," which states, in pertinent part, as follows:

> [T]he parties agree that the Court enter a judgment dismissing the request for rehearing and otherwise give effect to the parties' agreement that [Fountain] is discharged from her commitment or incarceration and her bond should be released to her. [Fountain] shall not be remanded to custody of the Sheriff, but shall be released from further commitment or incarceration, and her bond should be released to her. No action is [to be] taken by the Court as to attorney's fees or anything else, only confinement and bond. The judgment for fees is valid and subsisting.

Thus, Fountain requests that we (1) discharge her from the trial court's order of commitment for contempt, (2) dismiss her motion for reconsideration en banc of our denial of her petition for habeas relief, and (3) release her bond.

Insofar as Fountain requests that this court discharge her from the trial court's order of commitment for contempt, we are precluded from granting such relief. Contempt of court is classified as either civil or criminal, depending on the nature and purpose of the penalty imposed. *In re Reece*, 341 S.W.3d 360, 364–65 (Tex. 2011) (emphasizing that distinction does not turn on nature of underlying litigation as civil or criminal). In a civil contempt order, the court's objective is to coerce *future* compliance with its previous orders through a conditional penalty. *Id.*; *Cadle Co. v. Lobingier*, 50 S.W.3d 662, 667 (Tex. App.—Fort Worth 2001, pet. denied). The contemnor can avoid punishment by obeying the court's order. *In re Reece*, 341 S.W.3d at

365 (stating that civil contempt is "remedial and coercive in nature—the contemnor carries the keys to the jail in his or her pocket since the confinement is conditioned on obedience with the court's order"); *In re Sheshtawy*, 154 S.W.3d 114, 125–26 (Tex. 2004) (noting that "contemnor is able to purge the contempt"). Civil contempt is "instituted to preserve and enforce the rights of private parties to suits." LaFave, Substantive Criminal Law, Classification of Proceedings, 1 Subst. Crim. L. § 1.7(e) (2d ed. 2013).

In contrast, a criminal contempt order is punitive in nature and constitutes "an exertion of the court's inherent power to punish a contemnor" for "improper past acts." *Cadle Co. v. Lobingier*, 50 S.W.3d at 667; *see In re Reece*, 341 S.W.3d at 365 (stating that objective of criminal contempt order is to punish for a "completed act [that] affronted the dignity and authority of the court"). "[T]he punishment for criminal contempt is fixed and definite; no subsequent voluntary compliance on the part of the [contemnor] can enable her to avoid punishment for her past acts." *In re Small*, 286 S.W.3d 525, 531 (Tex. App.—Houston [14th Dist.] 2009, orig. proceeding); *Cadle Co.*, 50 S.W.3d at 667. Criminal contempt is instituted in the interest of courts, government, and "the people." 1 Subst. Crim. L. § 1.7(e).

Here, the trial court, in its contempt order, found that Fountain had violated its prior order by failing to execute a release regarding the child's healthcare information. It held Fountain in "criminal contempt" and ordered that she be "punish[ed] for the violation" by "confinement in the Harris County Jail for a period of sixty . . . days." Thus, Fountain is subject to an order holding her in criminal contempt and cannot avoid the punitive sanction by post-contempt action. *See In re Sheshtawy*, 154 S.W.3d at 125–26 (noting that contemnor cannot avoid confinement through post-contempt compliance or promise not to repeat conduct); *Cadle Co.*, 50 S.W.3d at 667 (stating that, once imposed, contemnor cannot avoid punishment); *see also* 1 Subst. Crim. L. § 1.7 (noting that "[o]ne punished by a definite sentence for criminal contempt cannot purge himself of contempt by undoing the wrong he did, as in the case of civil contempt"). Similarly, Fountain cannot purge the trial court's punitive sanction against her by post-contempt agreement with Katcher not to pursue enforcement. *See Cadle Co.*, 50 S.W.3d at 667 (stating that criminal contempt order constitutes "an exertion of the court's inherent power to punish"); *see also* 1 Subst. Crim. L. § 1.7 (noting that criminal contempt protects interests of court, government, and "the people," and is not instituted to protect private rights).

However, while this Court cannot set aside the contempt order pursuant to an agreement of the parties, the trial court, which has continuing jurisdiction over enforcement of child custody issues, may, in its discretion, grant or deny such a request. *See* TEX. FAM. CODE ANN. § 155.001(a) (Vernon 2008) (providing that trial court entering decree affecting child retains continuing, exclusive jurisdiction over suits affecting parent-child relationship pertinent to that decree). To the extent the parties' objective is to have the trial court's commitment order vacated, they must seek that relief from the trial court.

We recognize that parties are encouraged to enter into Rule 11 and mediated settlement agreements. *See* TEX. FAM. CODE ANN. § 153.0071(d), (e), (e-1) (Vernon 2008); TEX. R. CIV. P. 11. We also note that a supplemental clerk's record has been filed, containing *Katcher's* motion to the trial court to "Vacate [its] Commitment Order and Judgment," which has not been ruled on in the trial court.

Accordingly, we **abate** this proceeding and order the trial court to make a determination regarding whether it approves the parties' mediated settlement agreement and,

(1) if so, to issue an order vacating its order of commitment for contempt; or

(2) if not, to issue an order denying the motion to vacate its commitment order.

Because this court issued the order for the bond, we will address releasing the bond after the trial court determines whether to set aside its contempt order.

**The trial court's order shall be included in a supplemental clerk's record filed in this Court no later than 22 days from the date of this order.** During the abatement, the trial court need not file any other documents with this court. This proceeding is abated, treated as a closed case, and removed from this Court's active docket. This proceeding will be reinstated on this Court's active docket when a supplemental clerk's record has been filed in compliance with this order and **not later than 22 days from the date of this order**.

It is so ORDERED.

PER CURIAM

Panel consists of Justices Keyes, Massengale, and Brown

Date: March 13, 2014

3