

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00957-CV

Kevin **DOTY** and Elizabeth Doty Individually and Severally,
Appellants

v.

Richard **DAVIDSON**, Javline Ranch (A General Partnership), AKA Javelin Ranch
AKA Javelin Ranch LP,
Appellees

From the 229th Judicial District Court, Jim Hogg County, Texas
Trial Court No. CC-15-100
The Honorable Everardo Garcia, Judge Presiding

PER CURIAM

Sitting:    Rebeca C. Martinez, Justice
            Patricia O. Alvarez, Justice
            Luz Elena D. Chapa, Justice

Delivered and Filed: March 27, 2019

DISMISSED FOR LACK OF JURISDICTION

Appellants filed a notice of appeal seeking to appeal an order granting plaintiffs' motion for summary judgment. The order does not dispose of all pending claims and parties. For example, the order does not dispose of the appellees' counter-claims. Appellate courts have jurisdiction over appeals from final judgments and appeals from certain interlocutory orders made appealable by statute. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2011). Because appellants seek to appeal an order that does not dispose of all pending claims and parties, and no severance

order appears to have been entered, this court ordered appellants to show cause why this appeal should not be dismissed for lack of jurisdiction.

Appellants responded to this court's order asserting the trial court's order is an appealable mandatory injunction. In support of this assertion, appellants rely on two cases relating to turnover orders. In the first case, the Texas Supreme Court noted the case arose "from a post-judgment turnover proceeding to enforce a final, monetary judgment." *Alexander Dubose Jefferson & Townsend LLP v. Chevron Phillips Chem. Co., L.P.*, 540 S.W.3d 577, 578 (Tex. 2018). Similarly, the second case also arose from a turnover order entered after a default judgment became final. *Schultz v. Fifth Judicial Dist. Court of Appeals at Dallas*, 810 S.W.2d 738-39 (Tex. 1991), *abrogated on other grounds by In re Sheshtawy*, 154 S.W.3d 114 (Tex. 2004). Neither of these cases support appellants' assertion that an order granting a summary judgment that does not dispose of all pending claims and parties is appealable. Because the trial court's order is not a final judgment or an appealable interlocutory order, this appeal is dismissed for lack of jurisdiction.

PER CURIAM