In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
**NO. 09-25-00480-CV**

**IN RE SCOTT MITCHELL OBEGINSKI**

**Original Proceeding**
**284th District Court of Montgomery County, Texas**
**Trial Cause No. 24-11-18234**

**MEMORANDUM OPINION**

In a petition for a writ of mandamus and a motion for temporary relief, Scott Mitchell Obeginski seeks to have this Court stay execution on a writ of possession that issued in accordance with the trial court's judgment dated October 17, 2025, and compel the trial court to withdraw a Notice Regarding Request for *Ex parte* TRO dated December 1, 2025. We deny the petition and the motion for temporary relief.

On December 1, 2025, Obeginski filed an Emergency Motion to Vacate Void Judgment for Lack of Subject-Matter Jurisdiction and for Immediate Stay of Enforcement, and an Emergency Application for Temporary Restraining Order. In

the motions, Obeginski contends that on the date of the original mortgage transaction an unidentified statute prohibited mortgage brokers such as the original lender from funding mortgage loans, and consequently the purchaser at the foreclosure sale lacked standing to sue. Thus, he argues that the final judgment in the trespass to try title and the writ of possession are void. He asked the trial court to immediately issue an ex parte temporary restraining order under Rule 680 of the Texas Rules of Civil Procedure, set a nominal bond under Rule 684 of the Texas Rules of Civil Procedure, set the matter for a temporary injunction hearing within fourteen days, and after a hearing on the Motion to Vacate, vacate the October 17 judgment as void for lack of subject matter jurisdiction.

The trial court neither granted nor denied Obeginski's motions, instead issuing a notice that neither motion was appropriate given the presence of several opposing counsel in the case and the transfer of jurisdiction to the appellate court. In his mandamus petition, Obeginski argues Rule 680 authorizes a trial court to issue a temporary injunction without notice at any time upon a showing of imminent and irreparable harm. Citing *In re Sheshtawy*, he argues, "the Texas Supreme Texas has confirmed a trial court retains authority over collateral matters, including the power to 'grant a temporary restraining order to prevent execution on the judgment.'"

Obeginski misquotes *In re Sheshtawy*,154 S.W.3d 114, 124 (Tex. 2004). The trial court retains authority "to *aid* execution while an unsuperseded judgment is on

2

appeal." *Id.* (emphasis added). The appropriate procedure to utilize when a judgment debtor seeks to *avoid* execution of a final judgment pending the resolution of an appeal is supersedeas. *See generally* Tex. R. App. P. 24. Obeginski does not assert that he has employed any of the methods for superseding a judgment permitted by Rule 24.1(a). *See id.* R. 24.1(a).

We may issue a writ of mandamus to remedy a clear abuse of discretion by the trial court when the relator lacks an adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). Obeginski's challenge to the trial court's subject matter jurisdiction can be adequately addressed in his appeal. Meanwhile, he can prevent execution on the judgment by filing a supersedeas bond or by employing an alternative method authorized by Rule 24.1(a).[1] We conclude that on this record the Relator has not shown that he is entitled to mandamus relief. Accordingly, we deny the petition for

---

[1]Contemporaneously with the filing of the two motions mentioned in the trial court's Notice, Obeginski filed a Motion to Set Supersedeas Bond and to Stay Enforcement of the Writ of Possession Pending Determination and Posting of Bond. He filed his mandamus petition the following day. Obeginski has neither shown that the trial court has refused a request to determine the amount of bond required to supersede the judgment nor has he asked this Court to compel the trial court to set the amount of bond required to supersede the judgment under Rule 24.

a writ of mandamus and the motion for temporary relief. *See* Tex. R. App. P. 52.8(a), 52.10(a).

PETITION DENIED.

PER CURIAM

Submitted on December 3, 2025
Opinion Delivered December 4, 2025

Before Golemon, C.J., Wright and Chambers, JJ.