980 S.W.2d 788 (1998)
In the Matter of B.A.M.
No. 04-97-00981-CV.
Court of Appeals of Texas, San Antonio.
September 16, 1998.
Stephanie L. Stevens, Yolanda Jarmon, San Antonio, for Appellant.
Enrico B. Valdez, Assistant Criminal District Attorney, San Antonio, for Appellee.
Before HARDBERGER, C.J., and LÓPEZ and ANGELINI, JJ.

OPINION
LÓPEZ, Justice.
B.A.M. was charged with the misdemeanor offense of failing to attend school. The justice court determined that B.A.M. had not attended school, and ordered him to attend school without unexcused absences and to pay a fine of $75.00. B.A.M. did not pay the fine, so the justice court summoned him to show cause why the matter should not be transferred to juvenile court. Later, the justice court transferred the case to juvenile court.
After his case was transferred to juvenile court, B.A.M. filed an application for writ of habeas corpus. Therein, he contended that his liberty was unlawfully restrained. He further contended that the justice court had failed to conduct an appropriate hearing and *789 held him in contempt without evidence that he was responsible for failing to pay the fine. After conducting a hearing, the juvenile judge denied B.A.M.'s application. On appeal, B.A.M. raises five issues to challenge the denial of his application.
In his first three issues, B.A.M. contends that the justice court violated his right to counsel under the U.S. Constitution, the Texas Constitution, and the Family Code, by failing to inform him that he had a right to an attorney. Because he maintains the potential exists that his liberty could be deprived, he argues that he was entitled to an attorney during the initial proceedings in the justice court. Because the justice court did not advise him of his right to an attorney, he argues that the order holding him in contempt and transferring him to juvenile court should be rendered void.
In response, the State rejects B.A.M.'s characterization of the order transferring B.A.M. to juvenile court as a contempt order. The order, the State argues, merely transfers B.A.M. to juvenile court; that is, the order does not hold B.A.M. in contempt. Because it contends the justice court has no authority to incarcerate individuals, the State maintains that B.A.M. did not have a right to an attorney during the proceedings in the justice court. We agree with the State.
Failure to attend school is a misdemeanor offense under the Education Code. See TEX. EDUC.CODE ANN. § 25.094 (Vernon 1996). The Education Code gives the justice court authority to prosecute this offense. See id. If the justice court finds that a child has committed the offense, the court can enter an order to include one or more of the provisions specified in section 54.042 of the Family Code. See TEX. FAM.CODE ANN. § 54.021 (Vernon 1996). If, after ordering a juvenile to comply with an order, the justice court finds that the child failed to comply, the court must transfer the case to the juvenile court for an adjudication hearing. See TEX. EDUC.CODE ANN. § 25.094(d) (Vernon 1996). After a case is transferred to juvenile court, a child is then entitled to an attorney. See TEX. FAM.CODE ANN. § 51.10 (Vernon 1996). But see Op. Tex. Att'y Gen. No. DM-200 (1993) (determining that juvenile has right to an attorney for proceedings in justice court).[2]
B.A.M., however, argues that he was entitled to an attorney prior to the transfer because he faced the prospect of incarcerationspecifically, the possibility that he could be committed to the Texas Youth Commission (TYC) for failing to pay the fine. That possibility, however, did not exist until B.A.M. was transferred to the juvenile court. Although failing to pay the fine in the justice court is an act of contempt of court, a justice court does not have the authority to punish a juvenile for contempt. See TEX. GOV'T CODE ANN. § 21.002(h) (Vernon Supp.1998). Instead, the justice court must refer a juvenile who fails to pay a court-ordered fine to the juvenile court for further proceedings.[3]
Once the juvenile is transferred, the juvenile court conducts a hearing de novo. See TEX. EDUC.CODE ANN. § 25.094(d) (Vernon 1996). If the juvenile court determines the child is in contempt, the court has the authority *790 to commit the child to TYC. See TEX. FAM.CODE ANN. § 54.04(d) (Vernon 1996) (giving juvenile judge authority to commit child to TYC upon finding of delinquency). As a result, a child is entitled to an attorney after he is transferred to juvenile court, but not before. The child does not have the right to an attorney prior to the transfer because the justice court does not have the authority to adjudicate the child delinquent or commit the child to TYC. See TEX.CODE CRIM. PROC. ANN. art. 45.522 (Vernon Supp. 1998) (providing that "justice court ... may not order the confinement of a person who is a child for the purposes of Title 3, Family Code, for failure to pay ... fine").
The conclusion that the child is not entitled to an attorney prior to the transfer is consistent with federal and state law on the right to counsel in adult proceedings. In an adult proceeding, an indigent defendant is entitled to a court-appointed attorney whenever the defendant faces the possibility of imprisonment.[4] As a result, an adult defendant is entitled to an attorney for even a civil contempt proceeding if he faces the possibility of incarceration. See Ex parte Gonzales, 945 S.W.2d 830, 836 (Tex.Crim.App.1997) (determining that contemnor is entitled to legal representation in contempt proceeding even where proceeding stems from civil action if contemnor faces possibility of imprisonment). A truant who does not pay a fine, however, does not face the possibility of commitment to TYC until he is transferred to the juvenile court where his adjudication for failing to attend school begins anew. Then, as a respondent to a petition alleging delinquent conduct, the child is entitled to an attorney who is tasked with protecting the child's rights. If the child is indigent, the juvenile judge will appoint an attorney to represent the child. The appointment of an attorney, coupled with the requirement for conducting a hearing de novo, establishes the framework for protecting the child's constitutional rights, including the right to effective legal representation. As a result, an indigent child is not entitled to a court-appointed attorney until he is transferred to juvenile court.
In this case, an attorney was appointed to represent B.A.M. after he was transferred to juvenile court. As a result, we believe that B.A.M.'s right to counsel was protected. Because B.A.M. did not have a right to an attorney in the justice court, and thus his right to counsel was not violated, we overrule his first three issues.
In his fourth issue, B.A.M. maintains that the contempt order issued by the justice of the peace violated his right to due process because the justice court never inquired about his ability to pay the fine. B.A.M. relies on Bearden v. Georgia, a decision in which the United States Supreme Court determined that a court may not automatically deprive a defendant of his personal liberty for failure to pay a fine. See Bearden v. Georgia, 461 U.S. 660, 667-70, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983). Specifically, the Court stated that, before imprisoning a defendant for failing to pay a court-ordered fine, a sentencing court must inquire into the reasons for failing to pay, and consider alternative forms of punishment where the defendant is unable to pay. See Bearden, 461 U.S. at 674, 103 S.Ct. 2064. B.A.M. reasons that because the contempt order imposes the possibility that he will be incarcerated, the justice court was required to inquire about his ability to pay the fine. Because he contends that the justice court did not inquire about his ability to pay, B.A.M. argues that the contempt order violated his right to due process. The record, however, does not support this contention.
Although the justice court was authorized to order B.A.M. to pay a fine for failing to attend school, the court was required to transfer B.A.M.'s case if he did not pay. The *791 court's order of referral states that the case is transferred to the juvenile court; the order does not state that the court finds him in contempt. As discussed previously, B.A.M. was not subject to being incarcerated while his case was in the justice court. As a result, B.A.M. was never in jeopardy that he would "be deprived of life, liberty, or property, without due process of law." U.S. CONST. AMEND V. Now that his case has been transferred to juvenile court, the State's allegation of delinquent conduct will be reviewed de novo. Because the adjudication hearing on the State's petition will be de novo, B.A.M. will have the opportunity to receive due process of law and to prove that he is unable to pay if that is the case. We overrule B.A.M.'s fourth issue.
In his final issue, B.A.M. contends the order holding him in contempt of court for failing to pay the court-ordered fine violated his right to equal protection because he was held in contempt solely because he was unable to pay the fine. This contention, however, is based on a mis-characterization of the justice court proceeding. As indicated above, upon determining that B.A.M. failed to pay the fine, the justice court transferred B.A.M. to the juvenile court. Although the justice court may not have determined if B.A.M. was able to pay, the justice court did not hold B.A.M. in contempt.
The Fourteenth Amendment of the U.S. Constitution guarantees citizens that they will not be denied equal protection of the law. See U.S. CONST. AMEND XIV. A determination that a juvenile did not pay a fine, and an order transferring the child to juvenile court, does not violate this guarantee. In this case, the failure to pay, rather than the inability to pay, served as the basis for the transfer order. Now that B.A.M.'s case has been transferred to juvenile court, he will have an opportunity to demonstrate the inability to pay. We overrule B.A.M.'s fifth issue.
Having overruled each of B.A.M.'s issues, we affirm the juvenile court's order denying the application for writ of habeas corpus.
NOTES
[2] The Attorney General reasoned that a juvenile is entitled to an attorney for truancy proceedings conducted in the justice court "[b]ecause a truancy proceeding is a proceeding under title 3 [Juvenile Justice Code]." The justice court, however, obtains its jurisdiction to adjudicate truancy proceedings after the juvenile court waives its jurisdiction over the proceeding. After waiving its jurisdiction, the juvenile court is unable to act in a truancy proceeding until the justice court transfers the case to the juvenile court. As a result, the justice court proceeds under the Education Code in a truancy proceeding, not title 3. For this reason, we reject the Attorney General's conclusion that a juvenile is entitled to an attorney for proceedings in the justice court.
[3] See id. (stating that "justice ... court may not punish by contempt a person who engages in conduct that violates an order of the court if the conduct is delinquent conduct under Section 51.03(a)(3), Family Code," but that "justice ... court shall refer the person to the juvenile court for engaging in the delinquent conduct"); TEX. FAM.CODE ANN. § 52.027(h) (Vernon 1996) (prohibiting justice court from holding child in contempt for refusing to obey lawful order to pay fine, but directing justice court to transfer child to juvenile court); TEX.CODE CRIM. PROC. ANN. art. 45.522 (Vernon Supp.1998) (providing that "procedures for adjudication of a child for delinquent conduct apply to a child who fails to obey an order of the justice ... court under circumstances that would constitute contempt of court").
[4] See Scott v. Illinois, 440 U.S. 367, 374-75, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979) (determining that Sixth and Fourteenth Amendments to U.S. Constitution require "that no indigent criminal defendant be sentenced to a term of imprisonment unless the State has afforded him the right to assistance of counsel in his defense"); TEX. CODE CRIM. PROC. ANN. art. 1.051 (Vernon Supp. 1998) (providing that indigent defendant is entitled to appointed counsel in any adversarial proceeding that may result in punishment by imprisonment); Price v. State, 866 S.W.2d 606, 611 (Tex.Crim.App.1993) (explaining that misdemeanor defendant is entitled to counsel if he will be sentenced to imprisonment).