**Ex parte Roger GERDES, Jr.**

**No. 13–05–487–CV.**

Court of Appeals of Texas,
Corpus Christi–Edinburg.

Jan. 26, 2006.

Dean M. Blumrosen, George McCall Secrest, Jr., Houston, for relator.

Murray Fogler, McDade Fogler Maines, L.L.P., Paul J. Franzettti, Houston, for real party in interest.

Before Justices YAÑEZ, CASTILLO, and GARZA.

## OPINION

Opinion by Justice YAÑEZ.

This habeas corpus proceeding arises from a contempt order against Roger Gerdes for his failure, as a judgment debtor, to comply with an injunction relating to the preservation of assets subject to judgment. We conclude the contempt order is void. Accordingly, we grant the writ of habeas corpus and order Gerdes discharged from the trial court's judgment of contempt.

### Contempt and Habeas Corpus

An original habeas corpus proceeding is a collateral attack on a contempt order. *Ex parte Rohleder,* 424 S.W.2d 891, 892 (Tex.1967) (orig. proceeding); *Ex parte Casillas,* 25 S.W.3d 296, 298–99 (Tex.App.-San Antonio 2000, orig. proceeding). As such, the sole purpose of the proceeding is to determine whether the contemnor was afforded due process of law or if the order of contempt is void. *See Ex parte Gordon,* 584 S.W.2d 686, 688 (Tex.1979) (orig. proceeding); *In re Levingston,* 996 S.W.2d 936, 937 (Tex.App.-Houston [14th Dist.] 1999, orig. proceeding). A court will issue a writ of habeas corpus if the order underlying the contempt is void or if the contempt order itself is void. *Ex parte Shaffer,* 649 S.W.2d 300, 302 (Tex.1983) (orig. proceeding); *Gordon,* 584 S.W.2d at 688. A contempt order is void if it is beyond the power of the court to enter it or if it deprives the relator of liberty without due process of law. *Casillas,* 25 S.W.3d at 299; *Ex parte Friedman,* 808 S.W.2d 166, 168 (Tex.App.-El Paso 1991, orig. proceeding).

### Background

The parties are involved in a post-judgment collection dispute. The trial court entered three separate turnover orders against Gerdes and in favor of the judgment creditors, John Kennamer, Mora Kennamer, and Laguna Vista International, Inc. The October 14, 2002, turnover order required Gerdes to produce stock certificates or other physical evidence of ownership in three separate corporations. The December 2, 2002, turnover order required Gerdes to produce any original evidence of ownership of property in the name of Immobiliaria Don Rogelio S. de R.L. de C.V. The January 8, 2003, turnover order required Gerdes to produce originals of ownership and transfer docu-

ments executed by Gerdes and his wife, Carolyn Gerdes. On February 10, 2003, the trial court held Gerdes in civil contempt and ordered Gerdes incarcerated "until such time as he fully complies with the October 14, 2002 and December 2, 2002 turnover orders." [1]

During the course of the underlying proceedings, the trial court entered several orders requiring the preservation of the property and assets at issue in the lawsuit. Before trial, on September 6, 2001, the trial court entered an order restraining the parties or agents from "selling, transferring, wasting or destroying any assets relating to the business and properties of Laguna Vista lodge." On July 31, 2002, after trial, the trial court's final judgment [2] expressly continued the injunction that had been entered on September 6, 2001. On October 28, 2002, the trial court entered an order restraining Gerdes or his agents from "transferring, selling, wasting, or encumbering the Laguna Vista lodge business, assets, and real property." The trial court's February 10, 2003 contempt order continued the October 28, 2002 injunction for "so long as Gerdes refuses to comply" with the turnover orders.

On February 7, 2005, Kennamer filed a motion for an order of contempt against Gerdes for violating the trial court's injunction prohibiting the encumbrance of judgment assets. According to the motion, Gerdes had leased the Laguna Vista property on August 7, 2003. On March 11, 2005, the trial court agreed and again held Gerdes in contempt. The court's March 11, 2005 contempt order, which is at issue in this proceeding, provides, in part:

1. By order dated September 6, 2001, the Court entered an order enjoining the parties (or any persons acting in concert with them) from "selling, transferring, wasting or destroying any assets relating to the business and properties of Laguna Vista Lodge."

2. On July 31, 2002, the Court entered its Final Judgment in this case, awarding a net recovery in favor of John Kennamer against Roger Gerdes, Jr. ("Gerdes") in the amount of $915,392.65. The Final Judgment continued the injunction set out above until 10 days after the judgment became final for purposes of execution.

3. On February 10, 2003, the Court entered an order of contempt against Gerdes for his refusal to comply with two turnover orders (dated October 14, 2002, and December 2, 2002). In that order, Gerdes and those acting in concert with him were enjoined and restrained from "transferring, selling, wasting or encumbering the Laguna Vista lodge business, assets, and real property" until such time as Gerdes complies with the Turnover Orders.

4. On August 7, 2003, Gerdes, or someone acting in concert with him, caused a lease to be made, encumbering the property in Mexico where the Laguna Vista lodge is located. At that time, Gerdes had not complied with the Turnover Orders, and therefore the injunction was in force and effect. Gerdes still has not complied with the Turnover Orders.

5. The making of the lease encumbers the Laguna Vista lodge business, assets, and real property and constitutes a will-

---

1. At the time this order was entered, Gerdes had appealed the January 8, 2003, turnover order. The turnover order was ultimately affirmed. See Gerdes v. Kennamer, 155 S.W.3d 541 (Tex.App.-Corpus Christi 2004, pet. denied).

2. The final judgment was affirmed on appeal. See Gerdes v. Kennamer, 155 S.W.3d 523 (Tex. App.-Corpus Christi 2004, pet. denied).

ful violation of the injunction order in force and effect.

The Court further finds that Gerdes' willful violation of the injunction order justifies holding Gerdes in contempt. Gerdes is already incarcerated in the Matagorda County Jail, having been held in contempt by this Court's order of February 10, 2003. Because he may be held on that contempt finding until March 16, 2005 (which is 18 months after he was first confined), it is this Court's order that Gerdes continue to be confined for so long after March 16, 2005 until the earlier of (a) Gerdes' compliance with all of this Court's turnover orders, including the orders dated October 14, 2002, December 2, 2002, and January 8, 2003,[3] or (b) the expiration of 18 months after March 16, 2005.

By five issues, Gerdes contends that the contempt order is void because (1) the movant for contempt, John Kennamer, failed to prove that Gerdes violated the injunction order entered by the trial court which served as the sole basis for the trial court's finding of contempt; (2) Gerdes was adjudged guilty of criminal contempt without being afforded his constitutional right to trial by jury, in violation of the sixth amendment to the United States Constitution and article 1, section 10 of the Texas Constitution; (3) the term of imprisonment imposed by the trial court exceeded the maximum punishment allowed by statute; (4) Gerdes was deprived of his constitutional right to the assistance of counsel; and (5) Gerdes was deprived of adequate notice to prepare for the contempt hearing in violation of the due process clause of the fourteenth amendment of the United States Constitution and rule of civil procedure 21.

### Analysis

As will be discussed more fully below, we agree with Gerdes that the contempt order is void. First, and fundamentally, the contempt order is structurally defective insofar as it attempts to punish Gerdes for an act of criminal contempt by continuing or prolonging his confinement for a prior act of civil contempt. Second, Gerdes was deprived of his right to counsel at the contempt hearing.

In connection with his second and third issues, and in his reply to Kennamer's response to the petition for writ of habeas corpus, Gerdes argues that the instant contempt order impermissibly attempts to continue the punishment assessed for his prior act of civil contempt. Gerdes argues that: "[He] has been confined for civil contempt for 18 months for non-compliance with the Court's order relative to the turnover orders. He cannot lawfully be confined any longer for violating the Court's orders in that regard." Gerdes also argues that the punishment assessed by the trial court exceeds the maximum allowed by statute.

We agree with Gerdes's contentions.

■ In the instant case, the motion for contempt stated that Gerdes was "subject to criminal (or punitive) contempt for blatant disobedience of [the] Court's injunction." Accordingly, the contemptible conduct at issue is deemed to be constructive contempt rather than direct contempt. *See Ex parte Chambers*, 898 S.W.2d 257, 259 (Tex.1995) (direct contempt occurs within the presence of the court, while constructive contempt occurs outside the court's presence); *Ex parte Durham*, 921 S.W.2d 482, 485 (Tex.App.-Corpus Christi 1996, orig. proceeding) (same).

---

**3.** The parties have not raised or briefed the propriety of the trial court's inclusion of the January 8, 2003 turnover order in the March 11, 2005, contempt order. Accordingly, we will not address this issue herein. *See* Tex. R.App. P. 38.1.

The motion distinguished the act currently subject to contempt, that is, Gerdes's violation of the trial court's injunctions prohibiting encumbrance of the judgment property, from that generating the "prior order of coercive contempt," that is, Gerdes's failure to comply with the trial court's turnover orders. Kennamer argued that the trial court's power to hold Gerdes in punitive contempt was not restricted by the prior order of coercive contempt. The motion sought incarceration for "punitive contempt."

Despite Kennamer's request for punitive contempt based on Gerdes's violation of the court's injunction prohibiting the encumbrance of the judgment property, the contempt order at issue in this cause ostensibly assesses a coercive punishment intended to secure Gerdes's compliance with the court's turnover orders. Specifically, the order provides that Gerdes shall "continue to be confined for so long after March 16, 2005 until the earlier of (a) Gerdes' compliance with all of this Court's turnover orders, including the orders dated October 14, 2002, December 2, 2002, and January 8, 2003, or (b) the expiration of 18 months after March 16, 2005."

The order entered by the trial court is inconsistent with the relief requested in the motion for contempt, and more fundamentally, inconsistent with a civil contempt finding. In determining whether a contempt is civil or criminal in nature, it is the purpose of the contempt proceeding that is determinative. *Ex parte Werblud,* 536 S.W.2d 542, 545 (Tex.1976); *In re Wiese,* 1 S.W.3d 246, 249 (Tex.App.-Corpus Christi 1999, orig. proceeding). Civil contempt arises from the failure to obey a court order or decree. *Ex parte Powell,* 883 S.W.2d 775, 778 (Tex.App.-Beaumont 1994, orig. proceeding). The paradigmatic coercive civil contempt sanction involves confining a contemnor indefinitely until he complies with an affirmative command. *In re Sheshtawy,* 154 S.W.3d 114, 126 (Tex. 2004). Similarly, imprisonment for a fixed term is coercive when the contemnor is given the option of earlier release if he complies with the affirmative command. *See id.* In these circumstances, the contemnor is able to purge the contempt and obtain his release by committing an affirmative act, and thus "carries the keys of his prison in his own pocket." *See id.* (citations omitted); *In re Surgent,* 133 S.W.3d 744, 750 (Tex.App.-Corpus Christi 2003, orig. proceeding).

In contrast, the object of criminal contempt is to punish the contemnor for an affront to the court. *Surgent,* 133 S.W.3d at 750. Criminal contempt arises from the doing of some forbidden act. *Powell,* 883 S.W.2d at 778. A fixed sentence of imprisonment is punitive and criminal if it is imposed retrospectively for a completed act of disobedience. *Sheshtawy,* 154 S.W.3d at 126. In such a case, the contemnor cannot avoid or abbreviate the confinement through compliance. *Id.* A criminal contempt order has no coercive effect. *See id.* In a criminal contempt, the punishment is not contingent and there is nothing that the contemnor can do to avoid it. *In re Long,* 984 S.W.2d 623, 626 (Tex. 1999).

The act at issue in this proceeding, that is, Gerdes's failure to comply with the trial court's injunction regarding the impairment of judgment assets, constitutes a completed act of disobedience rather than an ongoing failure to obey a court order requiring affirmative action on his part. Further, the purpose of the proceeding, as urged by Kennamer, was clearly to punish Gerdes for his failure to abide by the trial court's injunction regarding the impairment of judgment assets, rather than his failure to comply with the turnover orders. Both of these issues are indicative of criminal contempt. Despite this, the contempt

order entered by the trial court purports to impose a coercive civil sanction against Gerdes, again attempting to require Gerdes to comply with the trial court's turnover orders, rather than impose a sanction for his encumbrance of the judgment property.

As recognized by the trial court's order, Gerdes had already been incarcerated for civil contempt for his failure to comply with the turnover orders, resulting in eighteen month's incarceration. The trial court could not repunish Gerdes for the turnover orders. "[A] single act of contempt, once it has been punished, cannot be repunished with ever larger fines or jail terms." *Ex parte Hudson,* 917 S.W.2d 24, 26 (Tex.1996).

Moreover, to the extent that the order ostensibly is a civil contempt order, we would note that Gerdes has already been punished for failure to comply with the turnover orders to the full extent allowed by statute, which only allows eighteen months incarceration or until the date "the person complies with the court order that was the basis of the finding of contempt." *See* TEX. GOV'T CODE ANN. § 21.002(h)(2) (Vernon 2004). In this regard, attempting to impose a civil coercive order by extending the coercive aspect of the order simply does not work with the act at issue in this case—a completed act of disobedience— that cannot be corrected by any action on Gerdes's part. The statute itself contemplates that the act at issue be the one that can be corrected by affirmative action. *See id.* (person may not be confined for civil contempt longer than "the lesser of 18 months or the period from the date of confinement to the date the person complies with *the court order that was the basis of the finding of contempt,* if the confinement is for civil contempt") (emphasis added).

Based on the foregoing, we conclude that the order at issue is void as it (1)

attempts to repunish Gerdes for a prior act of contempt, *see Hudson,* 917 S.W.2d at 26; and (2) exceeds the maximum period of confinement allowed by statute for civil contempt, *see* TEX. GOV'T CODE ANN. § 21.002(h)(2).

■ In his fourth issue, Gerdes contends he was deprived of his constitutional right to the assistance of counsel. In response, Kennamer generally argues that Gerdes received due process at the contempt hearing. Kennamer filed and served the motion for contempt on February 7, 2005. A disqualification hearing was originally set for February 23, 2005, then reset to March 8, 2005. After Gerdes's motion for disqualification was denied on March 8, the motion for contempt was then set for hearing on March 11, 2005.

Gerdes filed a hand-written motion for continuance the day of the hearing in which he asked for ample time to prepare for the hearing and to find an attorney. "A lawyer is our main goal." At the hearing itself, Gerdes asked again for an attorney and argued that it would violate his basic rights to proceed without counsel.

We agree. An adult defendant is entitled to an attorney for even a civil contempt proceeding if he faces the possibility of incarceration. *See Ex parte Gonzales,* 945 S.W.2d 830, 836 (Tex.Crim.App.1997) (determining that contemnor is entitled to legal representation in contempt proceeding even where proceeding stems from civil action if contemnor faces possibility of imprisonment); *In re B.A.M.,* 980 S.W.2d 788, 790 (Tex.App.-San Antonio 1998, orig. proceeding). It is "settled law" in this state that if a contemnor requests, he is entitled to be represented by counsel in a contempt proceeding. *Ex parte Sanchez,* 703 S.W.2d 955, 958 (Tex.1986); *Ex Parte Hiester,* 572 S.W.2d 300, 302 (1978). Moreover, it matters not that Gerdes's mo-

tion for continuance was hand-written and not sworn. *See Sanchez*, 703 S.W.2d at 957–58 ("It is because of our eagerness to guarantee that Sanchez's rights of due process be protected and that he not be deprived of his liberty except by due course of law that we do not consider as waiver of this point that the motion for continuance was orally made and was unsworn."). Accordingly, we sustain Gerdes's issue regarding his right to counsel.

### Conclusion

Because of our disposition of the foregoing issues, we need not address Gerdes's remaining arguments. *See* TEX.R.APP. P. 47.1. We GRANT Gerdes's petition for writ of habeas corpus and ORDER him unconditionally released and discharged from the custody of the Sheriff of Matagorda County pursuant to, and only from, the March 11, 2005 order of contempt and the commitment order issued by the judge of the 23rd Judicial District Court of Matagorda County, Texas, in cause number 01–H–0435–C, styled *John Kennamer, Mora Kennamer, and Laguna Vista International, Inc. v. Roger Gerdes, Jr., Carolyn Gerdes, and Rogert Gerdes, III.*

Any pending motions are denied as moot.