ACCEPTED
03-15-00464-CV
6619351
THIRD COURT OF APPEALS
AUSTIN, TEXAS
8/24/2015 11:58:02 AM
JEFFREY D. KYLE
CLERK

## NO. 03-15-00464-CV

_____

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
8/24/2015 11:58:02 AM
JEFFREY D. KYLE
Clerk

IN THE COURT OF APPEALS
THIRD JUDICIAL DISTRICT OF TEXAS
AT AUSTIN

_____

VICTORY CHEVAL HOLDINGS, LLC, GARRETT JENNINGS
AND CASTLE CROWN MANAGEMENT, LLC,

Appellants

v.

DENNIS ANTOLIK, VICTOR ANTOLIK
and CHEVAL MANOR, INC.,

Appellees

---

**APPELLEES DENNIS ANTOLIK'S AND CHEVAL MANOR, INC.'S
MOTION FOR CONTEMPT AND FOR REFERRAL TO TRIAL COURT**

---

TO THE HONORABLE THIRD COURT OF APPEALS:

Pursuant to Texas Rule of Appellate Procedure ("TRAP") 29.4, Appellees Dennis Antolik and Cheval Manor, Inc. (collectively, "Appellees") file this motion seeking to hold Appellants Garrett Jennings, Castle Crown Management, LLC, and Plaintiff Victory Cheval Holdings, LLC (collectively, "Appellants") in contempt for violating the Temporary Injunction ("TI") now on interlocutory appeal before this Court. Despite the fact that this Court denied Appellants' motion for stay, Appellants still refuse to comply with the TI. Appellees request that the Court

8590-02/00531503.000

1

refer this enforcement proceeding to the trial court to hear evidence and grant appropriate relief pursuant to TRAP 29.4(a). In this instance, the trial court should issue an order requiring Appellants to appear and show cause why they should not be held in contempt pursuant to Texas Rule of Civil Procedure ("TRCP") 692.

## I.     BACKGROUND

1.     Following hearings held on June 22 and July 14, 2015, the Honorable Judge Karin Crump of the 250th Judicial District Court of Travis County, Texas the issued the TI in the proceeding underlying this appeal. A certified copy of the TI is attached hereto as **Exhibit A**. Appellants subsequently filed this interlocutory appeal and moved to stay the TI. On August 6, 2015, this Court denied the motion for stay. A certified copy of the clerk's notice of this Court's ruling is attached hereto as **Exhibit B**.

2.     Nevertheless, Appellants continue to ignore the TI and Appellees' demands that they comply with same. *See* **Exhibit C**, which is a true and correct copy of Appellees' August 18, 2015 demand letter. Specifically, as set forth in the Affidavit of Dennis Antolik attached hereto as **Exhibit D**, Appellants have failed and refused to perform the following acts required under the TI:

- Signing the documents necessary for VCH to establish a new Operating Account for the Property. *See* **Exhibit A** §§ C(1) & C(5). This, of course, makes it impossible to deposit boarder and other customer payments into the Operating Account as required under the TI, which funds are intended

to be used to pay various specified expenses. *See id.* §§ C(1), C(2), C(3), & C(5).

- Paying Veterinarian DVM Jonathan Cohen for bi-weekly assessments of the health and safety of the horses on the Property. *See id.* §§ C(3)(a) & C(5);

- Paying Cheval Manor, Inc. $2,500 per month for services and maintenance performed on the Property. *See id.* §§ C(3)(c) & C(5);

- Paying up to $6,000 per month for regular labor and maintenance relating to the polo field. *See id.* §§ C(3)(d) & C(5);

- Paying Janine Rosen up to $500 per month to supervise the horse care and boarding services provided to boarders and equestrians on the Property. *See id.* §§ C(3)(e), C(4), & C(5);

- Paying for bona fide operating expenses up to $500 per transaction, including but not limited to repairing fences, cleaning in and around the barn, and taking care of other maintenance issues and potential hazards noted in Ms. Rosen's Property and Horse Inspection Report for August 2015 filed with the trial court on July 31, 2015. *See id.* §§ C(3)(j) & C(5);

- Paying reasonable and necessary fees up to $35,000 to repair the polo field. *See id.* § C(6); and

- Providing Dennis Antolik with the passwords needed to access Austin Polo Club's Facebook page and website as required under the TI and as agreed on the record at the June 22, 2015 TI hearing. *See id.* § A(1).

## II.  ARGUMENT

A. *This Court should refer this enforcement proceeding to Judge Krump to hear evidence and grant appropriate relief.*

3.     TRAP 29.4 provides that an interlocutory order on appeal must be enforced in the appellate court in which the appeal is pending.  However, the

appellate court may "refer the enforcement proceeding to the trial court with instructions to: (a) hear evidence and grant appropriate relief; or (b) make findings and recommendations and report them to the appellate court." *See also In re Sheshtawy*, 154 S.W.3d 114, 124-25 (Tex. 2004) (observing that it is "better practice" for the appellate court to refer enforcement proceedings to the trial court for hearing and factfinding).

4.      Here, Appellees respectfully suggest that the trial court, and in particular Judge Krump's court, is the best tribunal to enforce the TI.[1]  Judge Krump heard extensive evidence and oral argument at two hearings, and she crafted the TI based on competing submissions of the parties.  *See* **Exhibit A**. Judge Krump should be the one to take evidence on whether Appellants have disobeyed the Temporary Injunction and to decide whether they should be held in contempt.  Appellees request that this Court refer this enforcement proceeding to Judge Krump with instructions to hear evidence and grant such relief as she deems appropriate.

B. *The court should issue a show cause order requiring Appellants to appear and demonstrate why they should not be held in contempt.*

5.      TRCP 692 authorizes a court to punish a party who disobeys an

---

[1] Travis County District Court Local Rule 1.4 provides that "Motions Challenging a Prior Ruling" must be heard by the judge who made the ruling.  *See* https://www.traviscountytx.gov/images/courts/Docs/local_rules_civildistrict.pdf.     Appellees suggest that the same policies underlying this rule apply to the enforcement a prior court order.

injunction with contempt. The court has two options under TRCP 692. First, the court may issue a writ of attachment instructing a sheriff or constable to arrest the disobedient party and bring him before the court. Tex. R. Civ. P. 692. Second, the court may issue a show cause order instructing the disobedient party to appear before the court to demonstrate why he should not be held in contempt. *Id.* If the court finds at the hearing that the offending party did in fact disobey the injunction, the court may commit that party to jail without bail until he "purges himself of such contempt." *Id.*

6. As set forth in paragraph 2 above, Appellees have failed and refused to comply with the TI issued by the trial court over a month ago, even after this Court refused to grant them a stay. The trial court (or this Court) should issue a show cause order requiring Appellants to appear before the trial court and explain why they should not be held in contempt. If Appellants still refuse to comply with the TI, the trial court should hold Appellants in contempt. *See* **Exhibit D**.

### III.   PRAYER

Appellees respectfully request that this Court refer this enforcement proceeding to the Honorable Karin Crump of the 250th Judicial District Court of Travis County, Texas with instructions to hear evidence and grant appropriate relief. Appellees further request that Judge Krump or this Court issue a show cause order requiring Appellants to appear for a hearing before trial court and

explain why they should not be held in contempt.  Appellees also request general relief.

Respectfully submitted,

TAUBE SUMMERS HARRISON
TAYLOR MEINZER BROWN LLP

By: */s/ Cleveland R. Burke*
    Mark C. Taylor
    State Bar No. 19713225
    Cleveland R. Burke
    State Bar No. 24064975
    100 Congress Avenue, 18th Floor
    Austin, Texas 78701
    (512) 472-5997
    (512) 472-5248 (FAX)
    mtaylor@taubesummers.com
    cburke@taubesummers.com

ATTORNEYS FOR DENNIS ANTOLIK
AND CHEVAL MANOR, INC.

**CERTIFICATE OF CONFERENCE**

I hereby certify that Appellees' attorney Cleveland Burke sent Appellants' attorneys Kemp Gorthey and Peyton Smith a letter on August 18, 2015 allowing them until August 21, 2015 to comply with the Temporary Injunction to avoid this enforcement proceeding.  *See* **Exhibit C**.  On August 19, 2015, Dennis Antolik's and Cheval Manor's attorney Mark Taylor conferred in person with Mr. Gorthey regarding the demand letter.  On August 21, 2015, Mr. Gorthey stated via email that the relief sought is opposed.  On August 24, 2015, Mr. Taylor and Mr. Burke conferred via email with Victor Antolik's attorney Don Taylor, who agreed to the relief sought in this motion.

*/s/ Mark C. Taylor*
Mark C. Taylor

## CERTIFICATE OF SERVICE

I hereby certify that the counsel listed below were served with a true and correct copy of the foregoing motion via eFile.TXCourts.gov on August 24, 2015:

Kemp Gorthey
The Gorthey Law Firm
604 W. 12th Street
Austin, Texas 78701
kemp@gortheylaw.com
*Counsel for Garrett Jennings and Castle Crown Management, LLC*

Donald R. Taylor
Isabelle M. Antongiorgi
Taylor, Dunham & Rodriguez, LLP
301 Congress Avenue, Suite 1050
Austin, Texas 78701
dtaylor@taylordunham.com
ima@taylordunham.com
*Counsel for Victor Antolik*

Peyton N. Smith
Brian L. King
Reed & Scardino LLP
301 Congress Avenue, Suite 1250
Austin, Texas 78701
psmith@reedscardino.com
bking@reedscardino.com
*Counsel for Victory Cheval Holdings, LLC*

*/s/ Cleveland R. Burke*
Cleveland R. Burke

# EXHIBIT A

Filed in The District Court
of Travis County, Texas

JUL 16 2015

At _____ 11:34 _____ AM.
Velva L. Price, District Clerk

CAUSE NO. D-1-GN-14-002607

| | | |
|---|---|---|
| VICTORY CHEVAL HOLDINGS LLC<br>*Plaintiff and Counter-Defendant* | § § § § | IN THE DISTRICT COURT |
| v. | § § | |
| DENNIS ANTOLIK and<br>VICTOR ANTOLIK<br>*Defendants and Counter-Plaintiffs* | § § § § § | |
| CHEVAL MANOR, INC.<br>dba AUSTIN POLO CLUB<br>*Intervenor* | § § § § § | OF TRAVIS COUNTY TEXAS |
| v. | § § § | |
| GARRETT JENNINGS,<br>CASTLE CROWN MANAGEMENT LLC, AND<br>CASTLE CROWN PROPERTIES-VICTORY<br>CHEVAL, LLC<br>*Third-party Defendants* | § § § § § | 250th JUDICIAL DISTRICT |

## TEMPORARY INJUNCTION

On June 22, 2015 and continuing on July 14, 2015, the Court held a hearing on Defendant/Counter-Plaintiff Victor Antolik's Application for Appointment of a Receiver and Temporary Injunction and the Application for Temporary Injunction of Plaintiff Victory Cheval Holdings LLC against Defendants/Counter-Plaintiffs Dennis Antolik and Victor Antolik.

Victor Antolik appeared in person and through counsel Donald R. Taylor and Isabelle M. Antongiorgi and announced ready. Victory Cheval Holdings LLC appeared through counsel Peyton N. Smith and announced ready. Dennis Antolik appeared in person and through counsel Cleveland Burke and Mark Taylor and announced ready. Cheval Manor, Inc. appeared through counsel Cleveland Burke and Mark Taylor and announced ready. Garrett Jennings and Castle Crown Management LLC appeared in person and through counsel Kemp Gorthey. Castle Crown



004120771

TEMPORARY INJUNCTION (VICTORY CHEVAL HOLDINGS LLC)



Page 6

Management LLC appeared through counsel Kemp Gorthey. The record of testimony was duly reported by Della Rothermel, the court reporter for the 250th Judicial District Court.

After considering the Application, the arguments of counsel, the evidence presented, the pleadings on file and all other relevant factors, the Court rules as follows:

## A. Definitions

1.  Herein, "Parties" shall collectively refer to Dennis Antolik; Cheval Manor, Inc.; Victor Antolik; Victory Cheval Holdings LLC ("VCH"); Garrett Jennings; Castle Crown Management LLC ("Castle Crown"); and Castle Crown Properties-Victory Cheval LLC ("CC-VC"). "Party" shall refer to any of the foregoing. This Order shall bind the Parties, and their respective officers, agents, servants, employees, attorneys, representatives, or any person in active concert or participation with them who receives actual notice of this Order by personal service or otherwise.

2.  "Property" shall refer to the entirety of the 88 acre ranch located at 13628 Gregg Manor Road, Manor, Texas 78653.

## B. Agreed Injunctive Relief

The parties agreed in open Court and it is THEREFORE ORDERED that:

1.  VCH, Castle Crown, and Garrett Jennings shall not use the name "Austin Polo Club" or limit Dennis Antolik from using it in any way;

2.  VCH, Castle Crown, and Garrett Jennings shall not list the Property for sale or attempt to sell the Property;

3.  VCH, Castle Crown, and Garrett Jennings shall not charge legal expenses, travel, meals or aircraft fuel expenses to VCH or to Victor Antolik;



4. VCH, Castle Crown, and Garrett Jennings shall not cut-off the utilities at the residence on the Property while Dennis Antolik or Victor Antolik retain possession of the residence; Dennis Antolik or Victor Antolik will provide for, maintain, and pay all the utilities for the residence on the Property;

5. Victor Antolik and Dennis Antolik agree to not maintain any dogs on the Property.

6. Dennis Antolik, Victor Antolik, and Cheval Manor, Inc. shall keep all of the thirteen (13) horses that may be owned by them or business entities owned by them, or under their control, restrained behind a gated and secured fence; Dennis Antolik, Victor Antolik, and Cheval Manor, Inc. are solely responsible for the expense, care, feeding and watering of those horses; and

7. Dennis Antolik, Victor Antolik, and Cheval Manor, Inc. shall use reasonable efforts to clean, maintain, and prevent any damages to the residence on the Property and the gated and fenced area immediately surrounding the residence on the Property.

## C. Temporary Injunctive Relief

It is FURTHER ORDERED that:

1. On or before July 31, 2015, VCH shall establish an operating account (the "Operating Account") for the maintenance of the Property and business conducted on the Property, including but not limited to horse boarding, polo operations, events, and residential leasing. All revenue collected in association with business conducted on the Property shall be deposited into the Operating Account. Garrett Jennings and Victor Antolik shall be the only authorized persons on the Operating Account and shall have access to all statements;

2. The Parties shall direct boarders and other customers to make payments to VCH, which shall deposit all such payments into the Operating Account;



3. Unless otherwise agreed in writing by Garett Jennings and Victor Antolik, funds in the Operating Account shall only be used to fund the following:

   a. Payment to Veterinarian DVM Jonathan Cohen to provide veterinary bi-weekly assessments of the health and safety of the horses on the Property;

   b. Payment at the current market rate for continued employment of Shay Pfieffer to maintain the Property and to provide for the care and feeding of the paid boarder horses during the evening and early morning hours;

   c. Payment of $2,500.00 per month to Cheval Manor, Inc. to provide care and feeding of the paid boarder horses during the day and to maintain the Property, provided that Cheval Manor, Inc.: (1) is able and willing to provide such services; and (2) lawfully resides on the Property. Otherwise, Garrett Jennings shall have the right to direct payment to a third party for the care and feeding of the paid boarder horses during the day and to maintain the Property;

   d. Up to $6,000.00 per month for labor and maintenance relating to the polo field;

   e. Payment of up to $500.00 per month to Janine Rosen to supervise the horse care and boarding services to boarders and equestrians on the Property;

   f. Payment of up to $325.00 per stall-boarded horse, per month for feed and supplies;

   g. Payment of up to $140.00 per pasture horse, per month for feed and supplies;

   h. Payment of up to $1,500.00 per month for utilities;

   i. the cost of insurance for the Property; and

   j. Up to $500.00 per transaction for any other bona fide operating expense.



4. VCH shall retain the services of Janine Rosen, or other mutually agreed upon third party, to supervise the horse care and boarding services to boarders and equestrians on the Property, and, beginning on August 1, 2015, provide a monthly report to the parties and to the Court regarding the status of care of the horses on the Property;

5. Garrett Jennings is authorized to make and shall be responsible for making and keeping an accurate accounting of all payments outlined in Paragraph C.3 of this Order from the Operating Account. Any additional expenditures must be approved, in writing, by Victor Antolik and Garrett Jennings, either of whom may move this Court to request the release of additional necessary expenses. Any excess funds remaining in the Operating Account after final trial of this cause shall be distributed in accordance with the Court's final judgment;

6. Garrett Jennings shall pay the reasonable and necessary costs, not to exceed $35,000.00, for the repair of the damage to the polo field on the Property. Victory Cheval Holdings, LLC shall fund the repair through a capital contribution of Garrett Jennings, for which he may seek reimbursement at trial;

7. Garrett Jennings shall be permitted access to the residence on the Property for inspection at a date/time mutually agreeable upon by parties on or before September 31, 2015;

8. Pursuant to the agreements of the Parties and the Court's authority to issue temporary injunctive relief in order to maintain the status quo and to protect persons and property, including horses, from harm, injury or loss, the Court ORDERS the parties to comply with the provisions herein, finding that such Order is necessary and proper as a temporary injunction in order to prevent harm, injury or loss to the parties, including injury to persons and property, during the pendency of this matter. The agreements of the parties and the



Order of the Court stated herein does not constitute an adjudication of responsibility and any Party may seek to recover as damages any costs or expenses incurred;

9. This Order shall take effect immediately, shall be binding on the parties and all persons in active concert or participation with them who receive notice of this Order by any means, and shall remain in effect until modified by agreement of the parties or further order of this Court;

10. This matter is set for trial on January 25, 2016;

11. Victor Antolik is ORDERED to post a bond in the amount of $500.00 or cash in lieu thereof, in conformity with the law, conditioned that he will abide by the decision which will be made in this cause, and that he will pay all sums of money and costs that may be adjudged against him if the temporary injunction shall be dissolved in whole or in part; and

12. All other relief requested is denied.

SIGNED this July 16, 2015.

_____
JUDGE PRESIDING

I, VELVA L. PRICE, District Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on _____ 8/21/2015



VELVA L. PRICE
DISTRICT CLERK
By Deputy:

TEMPORARY INJUNCTION (VICTORY CHEVAL HOLDINGS LLC)

# EXHIBIT B



# COURT OF APPEALS

### THIRD DISTRICT OF TEXAS

P.O. BOX 12547, AUSTIN, TEXAS 78711-2547
www.txcourts.gov/3rdcoa.aspx
(512) 463-1733

JEFF L. ROSE, CHIEF JUSTICE
DAVID PURYEAR, JUSTICE
BOB PEMBERTON, JUSTICE
MELISSA GOODWIN, JUSTICE
SCOTT K. FIELD, JUSTICE
CINDY OLSON BOURLAND, JUSTICE

JEFFREY D. KYLE, CLERK

August 6, 2015

Mr. Peyton N. Smith
Reed & Scardino LLP
301 Congress Avenue, Suite 1250
Austin, TX 78701
* DELIVERED VIA E-MAIL *

Mr. Kemp W. Gorthey
The Gorthey Law Firm
604 West 12th Street
Austin, TX 78701
* DELIVERED VIA E-MAIL *

Mr. Mark C. Taylor
Taube Summers Harrison Taylor Meinzer Brown
LLP, LLP
100 Congress Avenue, Suite 1800
Austin, TX 78701
* DELIVERED VIA E-MAIL *

Ms. Isabelle M. Antongiorgi
Taylor Dunham, LLP
301 Congress Avenue, Suite 1050
Austin, TX 78701
* DELIVERED VIA E-MAIL *

RE:     Court of Appeals Number:     03-15-00464-CV
        Trial Court Case Number:    D-1-GN-14-002607

Style:  Victory Cheval Holdings, LLC; Garrett Jennings; and Castle Crown Management, LLC
        v. Dennis Antolik; Victor Antolik; and Cheval Manor, Inc. d/b/a Austin Polo Club

Dear Counsel:

        Appellants' Motion to Stay Temporary Injunction was denied by this Court on the date noted above.

Very truly yours,

JEFFREY D. KYLE, CLERK

BY: *E. Talerico*

Liz Talerico, Deputy Clerk



# COURT OF APPEALS
## THIRD DISTRICT OF TEXAS
## AUSTIN, TEXAS

### NO. 03-15-00464-CV

**Victory Cheval Holdings, LLC; Garrett Jennings; and Castle Crown Management, LLC**

**v.**

**Dennis Antolik; Victor Antolik; and Cheval Manor, Inc. d/b/a Austin Polo Club**

(NO. D-1-GN-14-002607 IN THE 250TH DISTRICT COURT OF TRAVIS COUNTY)

**★ ★ ★ ★ ★**

I, **JEFFREY D. KYLE, CLERK** OF THE THIRD COURT OF APPEALS OF THE STATE OF TEXAS, do hereby certify that the foregoing one (1) page contains a true and correct copy of the:

NOTICE

issued by said Court on August 6, 2015, in the above numbered and styled cause.

**WITNESS MY HAND** and seal of the **COURT OF APPEALS** for the Third District of Texas, August 18, 2015.

**JEFFREY D. KYLE, CLERK**

By: _____
Amy Strother, Deputy Clerk

# EXHIBIT C

# TAUBE SUMMERS HARRISON TAYLOR MEINZER BROWN LLP

ATTORNEYS AT LAW
100 CONGRESS AVENUE, 18TH FLOOR
AUSTIN, TEXAS 78701
TELEPHONE (512) 472-5997
FAX (512) 472-5248

August 18, 2015

***VIA EMAIL***
Kemp Gorthey
The Gorthey Law Firm
604 W. 12th Street
Austin, Texas 78701
kemp@gortheylaw.com
*Counsel for Garrett Jennings and*
*Castle Crown Management, LLC*

Peyton N. Smith
Reed & Scardino LLP
301 Congress Avenue, Suite 1250
Austin, Texas 78701
psmith@reedscardino.com
*Counsel for Victory Cheval Holdings, LLC*

Re: Failure to comply with Temporary Injunction issued in *Victory Cheval Holdings, LLC v. Dennis Antolik, et al.,* Cause No. D-1-GN-14-002607 in the 250th District Court of Travis County, Texas

Dear Kemp and Peyton:

As you know, the Court issued a Temporary Injunction in the above-referenced case over a month ago on July 16, 2015. Your clients' motion to stay the Temporary Injunction was denied by the Third Court of Appeals on August 6, 2015. Nevertheless, Dennis and Vic Antolik inform me that your clients are still refusing and/or failing to perform the following acts required under the Temporary Injunction:

- Signing the documents necessary for VCH to establish a new Operating Account for the Property. *See* Temporary Injunction §§ C(1) & C(5). This, of course, makes it impossible to deposit boarder and other customer payments into the Operating Account as required under the Temporary Injunction, which funds are intended to be used to pay various expenses specified in the Temporary Injunction. *See* §§ C(1), C(2), C(3), & C(5).

8590-2\00531189.000

- Paying Veterinarian DVM Jonathan Cohen for bi-weekly assessments of the health and safety of the horses on the Property. *See id.* §§ C(3)(a) & C(5);

- Paying Cheval Manor, Inc. $2,500 per month for services and maintenance performed on the Property. *See id.* §§ C(3)(c) & C(5);

- Paying up to $6,000 per month for regular labor and maintenance relating to the polo field. *See id.* §§ C(3)(d) & C(5);

- Paying Janine Rosen up to $500 per month to supervise the horse care and boarding services provided to boarders and equestrians on the Property. *See id.* §§ C(3)(e), C(4), & C(5);

- Paying for bona fide operating expenses up to $500 per transaction, including but not limited to repairing fences, cleaning in and around the barn, and taking care of other maintenance issues and potential hazards noted in Ms. Rosen's Property and Horse Inspection Report for August 2015. *See id.* §§ C(3)(j) & C(5);

- Paying reasonable and necessary fees up to $35,000 to repair the polo field. *See id.* § C(6); and

- Providing Dennis Antolik with the passwords needed to access Austin Polo Club's Facebook page and website as required under the Temporary Injunction and as agreed on the record at the Temporary Injunction hearing. *See also id.* § A(1).

Dennis Antolik and Cheval Manor demand that your clients immediately comply with the Temporary Injunction. If, on or before this **Friday, August 21, 2015 at 3:00 p.m. CST**, your clients do not sign the documents necessary to establish the Operating Account, catch up on payments due to Cheval Manor and Ms. Rosen, and express in writing their willingness to immediately comply with the other terms of the Temporary Injunction, Dennis Antolik and Cheval Manor will file a motion seeking to hold your clients in contempt pursuant to Texas Rule of Civil Procedure 692.

Please contact me or Mark Taylor at the number above if you wish to confer on these matters.

Kemp Gorthey
Peyton N. Smith
August 18, 2015
Page 3

Sincerely,

Cleveland R. Burke
*Counsel for Dennis Anolik
and Cheval Manor, Inc.*

cc:    Client
       Mark Taylor
       Vic Antolik
       Don Taylor
       Isabelle Antongiorgi

# EXHIBIT D

# AFFIDAVIT OF DENNIS ANTOLIK

STATE OF TEXAS                    §
                                  §
COUNTY OF TRAVIS                  §

BEFORE ME, the undersigned notary, on this day personally appeared Dennis Antolik, who after being duly sworn, did state upon his oath as follows:

1.    "My name is Dennis Antolik. I am over 18 years of age, of sound mind, and capable in all respects of making this affidavit. The facts stated herein are within my personal knowledge and are true and correct.

2.    I am the President of Cheval Manor, Inc., and I reside on the property located at 13628 Gregg Manor Road, Manor, Texas, 78653 and referenced in the temporary injunction (the "Temporary Injunction") issued on July 16, 2015 in the lawsuit styled *Victory Cheval Holdings, LLC v. Dennis Antolik and Victor Antolik, et al.*, Cause No. D-1-GN-14-002607 in the 250th District Court of Travis County, Texas (the "Travis County Lawsuit").

3.    Garrett Jennings is a Third-party Defendant in the Travis County Lawsuit. He is also a member of Plaintiff Victory Cheval Holdings, LLC ("VCH") and Third-Party Defendant Castle Crown Management, LLC ("Castle Crown").

4.    Despite the appellate court's refusal to stay the Temporary Injunction and my attorney's demand that they comply with the Temporary Injunction, Jennings, VCH, and Castle Crown have failed and refused to perform the following acts required under the Temporary Injunction:

- Signing the documents necessary for VCH to establish a new Operating Account for the Property. *See* Temporary Injunction §§ C(1) & C(5). This, of course, makes it impossible to deposit boarder and other customer payments into the Operating Account as required under the Temporary Injunction, which funds are intended to be used to pay various specified expenses. *See id.* §§ C(1), C(2), C(3), & C(5).

1

8590-2\00531543.0000

- Paying Veterinarian DVM Jonathan Cohen for bi-weekly assessments of the health and safety of the horses on the Property. *See id.* §§ C(3)(a) & C(5);

- Paying my company Cheval Manor, Inc. $2,500 per month for services and maintenance performed on the Property. *See id.* §§ C(3)(c) & C(5);

- Paying up to $6,000 per month for regular labor and maintenance relating to the polo field. *See id.* §§ C(3)(d) & C(5);

- Paying Janine Rosen up to $500 per month to supervise the horse care and boarding services provided to boarders and equestrians on the Property. *See id.* §§ C(3)(e), C(4), & C(5);

- Paying for bona fide operating expenses up to $500 per transaction, including but not limited to repairing fences, cleaning in and around the barn, and taking care of other maintenance issues and potential hazards noted in Ms. Rosen's Property and Horse Inspection Report for August 2015 filed with this Court on July 31, 2015. *See id.* §§ C(3)(j) & C(5);

- Paying reasonable and necessary fees up to $35,000 to repair the polo field. *See id.* § C(6); and

- Providing me with the passwords needed to access Austin Polo Club's Facebook page and website as required under the TI and as agreed on the record at the June 22, 2015 TI hearing. *See id.* § A(1)."

Further, Affiant said not.

_____
Dennis Antolik

SUBSCRIBED and SWORN TO BEFORE ME, the undersigned authority on August 21, 2015, to certify which witness my hand and seal of office.

DIANE E JANNER
Notary Public, State of Texas
My Commission Expires
August 27, 2017

_____
Notary Public, State of Texas

2